## HARVEY G. COURSEY

*v.*

## MARY S. COURSEY.

1. INSTRUCTIONS—*divorce—cruelty—drunkenness.* On an application of a wife for a divorce, on the ground of extreme and repeated cruelty, it is not error to instruct the jury that they may consider evidence of the drunkenness of the husband in connection with evidence of personal violence, or threats by the husband. Such evidence tends to explain the nature and character of the violence and threats.

2. It is not error to instruct the jury, in such a case, if the defendant was guilty of extreme and repeated cruelty for a less time than two years, that they should find for the complainant on that issue. The statute only requires acts of extreme and repeated cruelty, but does not require their continuance for two years.

3. ANSWER—*to bill for divorce—sworn to.* The divorce statute does not require an answer to a bill for a divorce to be sworn to, but provides that it need not, and is different from the general chancery practice in that respect. The statute having dispensed with such oath, the defendant acquires no advantage by swearing to his answer in such a case. Such a sworn answer has no more effect than the bill, and is not evidence.

4. DIVORCE. Divorces will not be granted merely for indulgence in passion, for abusive language and threats of violence where the safety of the person is not in peril, or the words are not likely to be followed by acts producing serious injury. There must be evidence of a reasonable apprehension of bodily hurt, and such as prevents the party from performing marital duties.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. WILLIAMS, CLARK & CALKINS, for the appellant.

Messrs. CRAIG & HARVEY, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

A reversal of the decree rendered in this case, is urged upon two grounds:

*First*—That there were erroneous instructions given in behalf of appellee.

*Second*—That the charge of extreme and repeated cruelty which was found by the jury to be true, was not sustained by the evidence.

The instructions complained of, were:

*First*—"That if the jury find, from the evidence, that the defendant had been guilty of drunkenness, they might consider that fact in connection with any evidence of personal violence or threats on the part of defendant towards the complainant, in determining whether defendant had been guilty of extreme and repeated cruelty, and whether complainant had reasonable apprehension of bodily hurt, or danger to life or limb."

*Second*—"That if the jury find, from the evidence, that defendant has been guilty of extreme and repeated cruelty for the space of two years next before the commencement of this suit, or for a less time, then they will find for complainant on that issue."

The proof is conclusive that appellant had frequently been drunk subsequent to his marriage. He acknowledged that he had, at times, been a "little intoxicated." Other witnesses testified that they had seen him drunk. The wife stated that, within two years, he drank twelve barrels of wine which he made, besides thirty-five gallons of wine and several gallons of whisky which he purchased. This wine must have been very weak, indeed, not to have affected him seriously when imbibed in such quantities.

It has been said with much truth, as well as beauty, that "wine heightens indifference into love, love into jealousy, and jealousy into madness. It often turns the good-natured man into an idiot, and the choleric into an assassin. It gives bitterness to resentment, makes vanity insupportable, and displays every little spot of the soul in its utmost deformity."

When we reflect upon the passion and crime and unmanly violence so often the result of intoxication from the use of spirituous liquors, it was eminently proper that the jury should

consider the drunkenness of appellant in connection with his threats and acts of personal injury, in determining the character of the latter. A sober man would scarcely dare to strike a woman; while one, under the debasing influence of liquor, might be guilty of any enormity.

The instruction was right.

As to the other instruction, to which objection is made, we must acknowledge our utter incapacity to perceive any error in it. It is in the language of the statute, and states the law plainly and correctly. It is said in argument, "that it utterly ignores the requirement of the statute; that the cruelty must be repeated, as well as extreme." On the contrary, it explicitly informed the jury that the cruelty must be extreme and repeated.

If counsel suppose that the instruction is wrong because it limits the repetition of the cruelty to a time less than two years, they are under very grave misapprehension. The words, "for the space of two years," immediately succeeding the word "drunkenness," in the statute, do not qualify, restrain or extend the word "cruelty." The law makers were not guilty of the absurdity of intending that the cruelty should be repeated for two continuous years; that five or ten blows are not enough; but they must be continued, with short intervals, for two years, before the party thus insulted and abused can obtain a decree for a divorce. *Harman* v. *Harman*, 16 Ill. 85.

An instruction was asked and given for appellant, that if his acts of cruelty were occasioned by the misconduct of the wife, they would constitute no cause of divorce. The instruction as to cruelty was thus fully explained, if it was in the least objectionable.

Should the verdict of the jury be disturbed?

Before any review of the evidence, it may be proper to advert to the fact that the answer was sworn to, and the oath was not waived in the bill.

Counsel thereupon assume that the answer must be overcome by two witnesses, or by one witness and strong corroborating circumstances.

This involves a construction of the statute. In the chapter entitled "Chancery," it is provided that the complainant may waive the necessity of the answer, under oath, and then it shall have no other force as evidence than the bill; but unless this is done, every answer must be verified by oath or affirmation. To dispense with the oath, the waiver must be made in the bill.

In the chapter entitled "Divorces," it is provided that the like practice and proceedings shall be had in applications for a divorce, as are usually had in other cases in chancery, except that the answer of the defendant need not be under oath.

In the one case, the party must waive the oath; in the other, the law expressly waives it.

In making this discrimination, the legislature must have intended that the answer under oath, to a bill for divorce, was waived by operation of law. Any other construction would render the provision in the divorce act entirely inoperative of itself. The right to waive the oath existed without it.

We therefore hold that the answer, sworn to in this case, had no more force as evidence, than the bill.

The evidence justified the verdict.

Appellee testified that appellant once struck her, and she fell on the floor; that he violently pressed a bucket against her breast, and each time hurt her badly; that he made threats of injury; once seized his gun, and used profane language; raised a mallet to strike her, and forcibly put her out of the house three several times. At one time he kept her out in the snow with only her night clothes, to brave the cold and storm for two hours.

Appellant denied these acts, but acknowledged that he had misused his wife in his fits of drunkenness.

In justice to him, we would remark that a large number of witnesses testified to his general good conduct, and favorably to his sobriety.

Courts will never interfere and dissolve the marriage relation merely for indulgence in passion, for abusive language and threats of violence, where the safety of the person is not in peril, or the words are not likely to result in acts of serious injury.

In the leading case upon the subject of cruelty, *Evans* v. *Evans*, 1 Hagg. C. R. 35, it is said that there must be proof given of a *reasonable* apprehension of bodily hurt. The same rule is announced in *Harman* v. *Harman, supra*.

The acts of bodily violence proven, amount to that cruelty against which the law ought to relieve. The husband's conduct and ill-treatment of his wife rendered her unsafe, and she could not perform her marital duties.

She may have been indiscreet, but there is no proof that her misconduct provoked his excesses, or pushed his patience to extremity.

The jury had the witnesses before them, and have passed upon the weight of the evidence.

The decree must be affirmed.

*Decree affirmed.*