## NICHOLAS BERDELL

*v.*

## CATHARINE BERDELL.

1. DIVORCE—*competency of evidence to show cruelty.* The testimony of neighbors, on the trial of a divorce suit brought by a wife for extreme and repeated cruelty, that on several occasions they discovered bruises and marks of violence on her person, after she claimed to have received blows from her husband, while not as satisfactory as if they had seen the blows given, is competent evidence in confirmation of the testimony of the complainant.

2. SAME—*proof of character of party.* On bill for divorce by a wife for cruelty and desertion, where the defendant introduces evidence on the trial, of specific acts of the complainant, tending to reflect upon her character for sobriety, and modest, peaceable behavior, she will not have the right to rebut such evidence by proof of her general good character in the neighborhood where she resided.

3. EVIDENCE—*of character, when admissible.* The general rule as to the admissibility of evidence of moral character and conduct of a person in society, confines such proof to three classes, viz: 1, to afford a presumption that a particular party has or has not been guilty of a criminal act; 2, to affect the damages in particular cases, where their amount depends upon the character and conduct of any individual; and 3, to impeach or confirm the veracity of a witness.

4. PRACTICE IN SUPREME COURT—*what errors will reverse.* It is only such error as works an injury to the party complaining, that will be ground of reversal. The admission of immaterial evidence of no intrinsic strength or weight is not such an error.

APPEAL from the Superior Court of Cook county; the Hon. JOSIAH MCROBERTS, Judge, presiding.

Mr. WM. T. BUTLER, and Mr. JAMES ENNIS, for the appellant.

Messrs. LEAKE & VOCKE, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill for divorce, brought by Catharine Berdell against Nicholas Berdell, her husband. The bill charges the defendant with acts of extreme and repeated cruelty, inflicted upon the person of the complainant, and also alleges desertion, for the space of two years.

To the bill the defendant put in an answer, in which he denied each and every charge therein contained. He also filed a cross-bill, in which he charged the complainant with desertion, without cause, for more than two years, upon which ground he prayed for a divorce. To the cross-bill the complainant put in an answer, denying the charges therein contained.

Replications having been filed, a trial on both bill and cross-bill was had before a jury, which resulted in a verdict in favor of the complainant, on each of the issues presented by her bill, and against the defendant on the cross-bill. The court, on motion, set aside the finding on the charge of desertion, but sustained the verdict as to extreme and repeated cruelty. A decree was, therefore, rendered, dissolving the marriage, and dismissing the cross-bill, to reverse which this appeal has been brought by the defendant in the original bill.

Two errors are assigned upon the record: 1st, that the verdict was contrary to the evidence; and 2d, that the court erred in admitting evidence of the character of the complainant.

The complainant and defendant were married in 1855, and resided together in Cook county until 1861, when the former left the house of her husband, and they have not since resided together.

The complainant claims that the cause of her leaving was on account of repeated acts of personal violence received from her husband; while, on the other hand, it is claimed she was well treated, and deserted her husband of her own accord, and not through any improper treatment on his part.

The evidence introduced before the jury, bearing upon the conduct of the parties, and the causes that led to the separation, is voluminous and exceedingly contradictory.

We shall not enter upon a critical analysis of the evidence, as such would be of no practical benefit to the parties, or the profession.

We have, however, carefully examined the testimony, and, while we would be better satisfied with the decree if the evidence was less conflicting, yet, under the uniform rulings of this court, we perceive no ground upon which the decree, based upon the verdict rendered by the jury, can be reversed.

The complainant, in her evidence, testifies to numerous acts of personal violence on the part of her husband, which were unjustifiable and without cause or provocation, and if her evidence be true, there can be no doubt that a clear case for divorce was established.  But independent of her evidence, on several occasions the marks of violence were discovered on her person by her neighbors, after she claimed to have received blows from her husband.

While this character of evidence is not as satisfactory as if witnesses had been produced who saw the blows given, yet the bruises and marks observed and sworn to were competent testimony in confirmation of the evidence given by the complainant.

It was also proven that on two occasions, when the complainant returned to the house of the defendant, he allowed her to be assaulted in his presence, and in his own house,—on one occasion, as the evidence shows, pushed down stairs, and on another, her hair was torn from her head and her clothing badly injured by an inmate of the house; while, as one witness testifies, "the defendant held the complainant, so she could not defend herself."

It is true, the defendant, in his evidence, positively denies any and all acts of violence, and says that he never, in any manner, mistreated or abused the complainant; and testifies to misconduct on her part, and introduced other evidence tending to establish the truth of his own.  It was, therefore, the peculiar

province of the jury to reconcile the conflict in the proof, and determine from all the evidence whether the truth was on the side of complainant or the defendant; and when this has been done, free from passion or prejudice, and the record contains evidence sufficient to sustain or justify the finding, the result of the verdict must be regarded as final. As was said in *Coursey* v. *Coursey*, 60 Ill. 186, the jury had the witnesses before them, and have passed upon the weight of the evidence.

It is, however, urged that the court erred in permitting the complainant to introduce evidence of good character in the neighborhood where she resided.

The rule, as stated by Starkie, volume 2, page 364, is this: There are three classes of cases in which the moral character and conduct of a person in society may be used in proof before a jury, each resting upon peculiar and distinct grounds. Such evidence is admissible: first, to afford a presumption that a particular party has or has not been guilty of a criminal act; secondly, to affect the damages in particular cases where their amount depends upon the character and conduct of any individual; and thirdly, to impeach or confirm the veracity of a witness.

This we understand to be the general rule on the subject. While it is true, the defendant introduced, on the trial, evidence of specific acts of the complainant tending to reflect upon her character for sobriety, and modest, peaceable behavior, yet, under the rule announced by Starkie, we do not understand that she had the right to rebut by proof of general good character. Her general character was not in issue.

But upon an examination of the proof called out on this subject, we fully agree with the counsel for appellant, when they say it was "of no intrinsic strength or weight," and for that very reason it could do the defendant no harm; and while it was error to admit the proof, we can not, on that ground, reverse. It is only an error that works an injury, that should reverse.

The decree will, therefore, be affirmed.

*Decree affirmed.*