Higham v. Vanosdol.

No. 11,501.

## HIGHAM v. VANOSDOL.

HUSBAND AND WIFE.—*Enticing Wife Away.*—*Adultery.*—*Damages.*—*Evidence.*—*Privileged Communications.*—In an action by a husband to recover damages for enticing away, debauching, and alienating the affections of his wife, the fact as to whether adultery had been committed by the defendant and the plaintiff's wife can neither be proved nor disproved by any communications had between the plaintiff and his wife after her return.

SAME.—*Declarations of Wife.*—*Res Gestæ.*—*Mitigation of Damages.*—In such case, declarations made by the wife to a third person, on the day she eloped with the defendant, or within the time when she was presumably under his influence, as to the causes of her leaving, which are not part of the *res gestæ* accompanying the act of leaving, and which do not impute to her husband any violence or cruel treatment, are not admissible in mitigation of damages.

SAME.—*Sufficiency of Cause of Action.*—Where a stranger, knowing a woman to be the wife of another, and having no reason to suspect mistreatment of her by her husband, entices, persuades and takes her away to another State and keeps her in different places for ten days, all without the consent of her husband, such husband can maintain an action for damages without proof of adultery.

SAME.—*Wife's Consent.*—In such case, it is no defence that the wife consented, or that the defendant did not otherwise persuade or entice her away, except to furnish the means and opportunity for the elopement, where he carries and keeps her away until at his pleasure she is returned, as the wife has no power to consent.

PRACTICE.—*Witness.*—*Cross-Examination.*—A question to a witness on cross-examination, which seeks to elicit testimony regarding a matter not in any way referred to in the direct examination, is improper.

SAME.—*Exclusion of Testimony.*—*How Question Reserved.*—The exclusion of testimony can only be made available by asking some pertinent question of a witness on the stand, and, if objection is made, stating to the court what testimony the witness would give in answer thereto.

From the Switzerland Circuit Court.

*J. A. Works, L. O. Schroeder* and *W. R. Johnson,* for appellant.
*A. C. Downey,* for appellee.

MITCHELL, J.—Benjamin F. Vanosdol brought his complaint in the court below against Thomas Higham, alleging therein that the defendant, on the 17th day of September,

1882, well knowing that Clara Vanosdol was the plaintiff's wife, unlawfully persuaded, procured and enticed her to leave his home and society, and after carrying her away, with intent to injure the plaintiff, wrongfully debauched and had carnal knowledge of her, without plaintiff's consent, and that by the means above mentioned he had alienated her affections from plaintiff and deprived him of her society, etc., to his damage, etc.

The questions in the record relate to rulings of the court in excluding certain communications had between the husband and wife, and certain declarations made by the wife to others, and in giving and refusing certain instructions to the jury.

The evidence showed that Vanosdol and his wife were married on the 26th day of March, 1882, he being twenty-two and she seventeen years of age at the time. They lived together, so far as appears, amicably until the 17th day of September of the same year, when, without any previous intimation of dissatisfaction with her husband, she clandestinely eloped with the defendant, Higham, an unmarried man, about forty years old. The evidence tends to show that after a number of secret interviews had with the wife, Higham took her in his buggy in the evening, in the absence and without the knowledge of her husband, and drove rapidly with her to the Ohio river, where, procuring an acquaintance to row them over, they crossed the river into Kentucky where they remained in various places, Newport and Louisville among the rest, for about ten days when they returned to Indiana. While the circumstances shown in evidence were almost irresistible, there was no direct proof of adultery, or that they occupied the same room with each other at night during their absence. The plaintiff and his wife never lived together afterwards. The trial resulted in a verdict and judgment for the plaintiff for $3,250.

At the trial the plaintiff was a witness in his own behalf,

and on cross-examination he was asked whether or not at the time he met his wife after her return from the trip taken with the defendant, she did not say to the plaintiff, " If you will go with me and my father we will take you to all the places where Mr. Higham and I stopped, and I will prove to you that I have been guilty of nothing except going away with Mr. Higham," and whether he did not say in reply to her: " I have full confidence in you; I believe what you say."

Objection was sustained to this question, and it is now insisted by counsel that it was competent evidence for the purpose of showing that the plaintiff did not then believe his wife guilty of adultery.

The evidence was properly excluded on two grounds:

1. Whatever conversation was had on the occasion referred to between the plaintiff and his wife constituted such communication between husband and wife as fell directly within the terms of the last clause of section 497, R. S. 1881. The wife could not have testified if she had been called as a witness in the defendant's behalf, to any communication made by her to her husband, or by him to her, on the occasion referred to, and it is clear that the husband, for the same reason, could not be compelled to give in evidence in the defendant's favor the conversation imputed to them in the question propounded. Whether the defendant had been guilty of adultery or not with the plaintiff's wife could neither be proved nor disproved by any communication made by the wife to the husband. *Dye* v. *Davis*, 65 Ind. 474; *Kingen* v. *State*, 50 Ind. 557.

2. As there was no inquiry made of the plaintiff on his direct examination, and nothing said by him concerning any conversation had with his wife after her return, the testimony objected to was properly excluded, on the additional ground that it was not proper cross-examination.

The next point argued is that the court erred in excluding certain declarations made by the plaintiff's wife to Mrs. Littlefield.

The point is presented in the bill of exceptions in this

way : "And here the defendant offered to prove in mitigation of damages by the witness, Mrs. Belle Littlefield, that at her house on the day on which she is alleged to have eloped with the defendant, and before she started, she had a conversation with plaintiff's wife, in which she said to this witness : ' My husband does not treat me like he should treat a wife, and I can not and will not return to him ; I shall never live with him any more ; I have left him for good.' " This was objected to.

It does not appear that any question was asked the witness, and objected to by the plaintiff; nor does it appear what the witness would have testified to, or whether she would have testified to anything concerning the proposition which was made.    The exclusion of testimony can only be made available by asking some pertinent question of a witness on the stand, and, if objection is made, stating to the court what testimony the witness would give in answer to the question proposed.  *Lewis* v. *Lewis*, 30 Ind. 257 ; *Adams* v. *Cosby*, 48 Ind. 153 ; *Baltimore, etc., R. R. Co.* v. *Lansing*, 52 Ind. 229. For the same reason no question is available in respect to the offer made in relation to the other witness, Littlefield.

The testimony was, however, inadmissible, and even if the question had been properly made the ruling of the court was right.   Where declarations are made by a wife, in connection with an act done by her, as the exhibition of marks or injuries upon her person, such declarations, if they are explanatory of the manner, or tend to show by whom the injury was inflicted, are received, as in *Gilchrist* v. *Bale*, 8 Watts, 355 ; *Berdell* v. *Berdell*, 80 Ill. 604 ; *Cattison* v. *Cattison*, 22 Pa. St. 275 ; or where the wife seeks safety from the violence of her husband in flight, declarations made at or so near the time of the flight as to be part of the *res gestœ* are also admissible, as in *Aveson* v. *Lord Kinnaird*, 6 East, 188.  But, ordinarily, declarations of the wife which are not part of the *res gestœ*, accompanying the act of leaving, or of the exhibition of injuries to her person, or some other substantive act which is

explained by the declaration, can not be admitted. In the case before us, none of the declarations fall within the rules above stated.

There is yet another rule in cases of this kind which may sometimes be invoked, to admit declarations of the wife imputing to the husband cruel treatment of her and showing a want of conjugal affection for and discontent with her situation and treatment by the husband. This rule governed the case of *Palmer* v. *Crook,* 7 Gray, 418. But declarations of this character from a previously chaste wife are always subject to grave suspicion, and are only to be received under the closest scrutiny, and are in no case to be admitted unless it affirmatively appears that they were made before the wife was the subject of intrigue with, or under the influence of, the paramour in whose favor they are sought to be introduced. Wharton Law of Evidence, section 225. The reasons for this rule are so obvious that they need not be stated. *Edwards* v. *Crock,* 4 Esp. 39.

The evidence offered and excluded falls directly within the inhibition of this rule. Most of the declarations which it was proposed to prove were made on the very day when the plaintiff's wife eloped with the defendant, when all their plans had doubtless been fully contrived, and all of the declarations were within the time when she was presumably under his influence to a greater or less degree.

For aught that appears, the wife was treated with tenderness by the husband, and her attachment for him seems to have been undiminished until after the secret conferences and conversations with the defendant.

It should not be understood that proof of unhappy relations existing between a husband and wife, however such proof may be made, would in any degree palliate or justify the offence of the defendant, nor would it make his conduct less reprehensible. Such a condition, when proved, may show that the injury which the husband sustained was less aggra-

vated than it otherwise might have been. *Hadley* v. *Heywood*, 121 Mass. 236; *Coleman* v. *White*, 43 Ind. 429.

At the request of the plaintiff the court gave the jury the following instruction: "If the evidence satisfies the jury that the plaintiff and Clara Vanosdol were, at and before the time referred to in the complaint, husband and wife, and that the defendant, knowing of such relation, took the said Clara from where she was staying in this county, without the consent of the plaintiff, and carried her to the State of Kentucky, and kept her there at various places for ten days, when he again returned her to the State of Indiana, the jury must find a verdict for the plaintiff without any proof of the commission of adultery with her."

The court, at the request of the defendant, also gave the following instruction, pertinent to the same subject: "If the evidence in the case fails to establish the fact that the defendant and the plaintiff's wife had sexual intercourse together, then it remains for you to determine whether or not the defendant enticed the plaintiff's wife to absent herself from him, and to entitle the plaintiff to recover upon that ground he must have proven by a preponderance of the evidence, that the defendant wrongfully either persuaded, procured or enticed the plaintiff's wife to absent herself from her husband; and unless you find from the evidence that he used some means to entice and persuade plaintiff's wife to leave him, whereby he has been deprived of her society and assistance, your verdict should be for the defendant."

These instructions relate to the same subject, and are not inconsistent with each other, and, taken together, they state the law more favorably to the defendant than he had a right to ask.

Knowing that she was the wife of another, having no reason to suspect any mistreatment of her by her husband, the mere fact of taking her off in the clandestine and aggravating manner disclosed in the evidence, and keeping her away against the consent of her husband, entitled the husband to maintain the action, and it was not necessary for him to show anything

more than the taking and keeping her away under the equivocal relations shown, without his consent. This was enough to put the burden upon the defendant to give some proper and reasonable explanation for his conduct.

That a state of circumstances might exist where a stranger would be justified in carrying a wife beyond the reach of her husband with her consent, and without his, can not be denied; but such an adventure on the part of a stranger is always attended with the peril of his being able to show to the satisfaction of a court that the safety of the wife, apparently, at least, demanded his intervention, and that what he did was meant in good faith for her protection.

The husband's right of action is complete against any stranger who has lent countenance to the breaking up of his household, and it is no defence for such person to show that the wife consented, or that he did not otherwise persuade or entice her away, except to furnish the means and opportunity for the elopement, he himself carrying and keeping her away until at his pleasure she was returned. The wife had no power to consent. *White* v. *Murtland*, 71 Ill. 250 (22 Am. R. 200).

The distinction between this case and the case of *Wood* v. *Mathews*, 47 Iowa, 409, which is relied on by the appellant, is in this, that was a case for debauching the plaintiff's wife, and contained no element of persuading, enticing or procuring her to abandon him. What was said in the complaint in that case concerning the alienation of the wife's affections, etc., was merely by way of aggravation of damages, and so it might well have been, as it was held by the learned court, that an instruction was erroneous which told the jury that the alienation of the wife's affections, without more, was sufficient to make the defendant liable.

What has been said renders it unnecessary that we should examine the other instructions, about which some question is made. The verdict is sustained by the evidence.

The judgment is affirmed, with costs.

Filed March 31, 1885.