Brown v. The Muncie National Bank et al.

## No. 11,532.

## BROWN v. THE MUNCIE NATIONAL BANK ET AL.

RECEIVER.—*Motion to Discharge.*—*Foreclosure of Mortgage.*—*Judgment.*— *Supreme Court.*—*Bill of Exceptions.*—*Authentication.*—Upon appeal from a ruling denying a motion to discharge a receiver, the motion being based on the ground that the questions between the parties were adjudicated in a suit by the moving party to foreclose a mortgage upon the property in the receiver's possession, the Supreme Court can not accept, and act upon as true, what is stated in the motion in relation to the foreclosure suit and the nature and scope of the decree, unless the facts are stated in a bill of exceptions, authenticated by the signature of the judge.

From the Delaware Circuit Court.

*C. E. Shipley* and *J. W. Ryan*, for appellant.

*R. Gregory*, *A. C. Harris* and *W. H. Calkins*, for appellees.

ZOLLARS, J.—Francis M. Brown executed to the Muncie National Bank a mortgage upon a stock of goods. In February, 1885, the bank commenced a suit to foreclose the mortgage, and made appellant a party defendant with her husband, Francis M.

It was alleged in the complaint, that she held a mortgage upon the goods, which was fraudulent as against the bank. On the day succeeding the commencement of the suit, the court appointed a receiver to take charge of the stock of goods. Subsequently, the court ordered the receiver to sell the goods and deposit the proceeds of the sale with the clerk of the court, to await the result of the litigation between the parties to this action. Appellant was present when the receiver was appointed, and at the time he was ordered to sell the goods. She made no objection to the order of the court in appointing the receiver, nor to the order directing a sale of the goods by him. Nor has she appealed therefrom.

In August following, and before the receiver had sold the goods in pursuance of the order of the court, she moved for an order discharging the receiver, and for a return of the goods to her, or to the sheriff of the county to be sold by

him in pursuance of a decree of foreclosure of her mortgage, which she claimed had, before that time, been rendered in her favor. That motion the court overruled. From that ruling she prosecutes this appeal.

Her theory is, that in the suit by her to foreclose her mortgage upon the stock of goods, all of the questions between her and the bank and other creditors of Francis M. Brown, parties to the suits, were settled and adjudicated in her favor, and that, therefore, the goods should be turned over to be sold in satisfaction of that decree.

Appellees contend, first, that no appeal could be taken from the ruling of the court in refusing to discharge the receiver and turn the goods over to appellant, or the sheriff; and, second, that if such an appeal could be taken, the record here presents nothing for decision.

Without deciding as to the first, the last contention can not be disregarded. The only evidence of the suit of appellant to foreclose her mortgage and the decree therein, presented by the record before us, is the verified motion by appellant for the discharge of the receiver.

None of the papers, nor the final decree in that case, have been brought into the record here by a bill of exceptions, nor is there any statement in the bill of exceptions, authenticated by the signature of the judge, showing the nature of the decree in that case, or that there is, or has been, such a case.

The answer by appellees to appellant's motion denies, in the main, what is stated in that motion. Nothing, at least, is admitted as to the scope of the decree in the suit which appellant claims to have prosecuted to final judgment. In their answer to that motion, appellees referred the court to its records to ascertain the nature and scope of the decree in appellant's suit.

For aught we can know from the record before us, the court below may have examined those records and ascertained that appellant's motion did not state the truth, and that there is

nothing in the decree referred to at all inconsistent with the continuance of the receivership until after the sale of the goods by the receiver.

In order that this court may accept, and act upon as true, what is stated in appellant's motion, in relation to her suit to foreclose her mortgage, and the nature and scope of the decree in that suit, the facts should be stated as true in the bill of exceptions, authenticated by the signature of the trial judge. That has not been done here. We can not, therefore, say that the court below erred in overruling appellant's motion to discharge the receiver, and turn the property over to appellant or to the sheriff. *Choen* v. *State*, 85 Ind. 209; *Powers* v. *State*, 87 Ind. 144 (152); *Indianapolis, etc., G. R. Co.* v. *Christian*, 93 Ind. 360.

Judgment affirmed, with costs.

Filed April 2, 1887.