Filed Jan. 27, 1888.

No. 13,069.

## PASSMORE v. PASSMORE.

SUPREME COURT.—*Reversal of Judgment.—Showing of Error.—Presumptions.—* All reasonable presumptions will be indulged in the Supreme Court in favor of the rulings of the trial court, and a judgment will not be reversed unless the record affirmatively shows error which was, or probably was, prejudicial to the party complaining.

EVIDENCE.—*Divorce.—Injuries to Wife.—Exhibitions and Declarations.—Res Gestæ.—Presumption.—*Where, in a divorce proceeding, witnesses are permitted to testify to exhibitions by the wife, in the absence of the husband, of injuries to her person, and to statements then made by her that they were inflicted by her husband, it will be presumed on appeal, in

the absence of a showing to the contrary, that the exhibitions and state-
ments were so near to the time when the injuries were inflicted as to be
a part of the *res gestæ*, and were hence properly admitted in evidence.

From the Morgan Circuit Court.

*G. A. Adams, J. S. Newby, J. H. Jordan* and *O. Matthews,*
for appellant.

*G. W. Grubbs, M. H. Parks, W. R. Harrison* and *W. E.*
*McCord,* for appellee.

ZOLLARS, J.—Counsel for appellant insist that the judg-
ment ought to be reversed, upon the grounds that the court
below admitted improper evidence, and that the decree grant-
ing a divorce to appellee is not supported by sufficient evi-
dence, and is contrary to law.

It is recited in the bill of exceptions that appellee offered
to prove by certain named witnesses that at different times
she exhibited to them separately sores, bruises and blue spots
on her leg, and at the time of making such exhibitions stated
to them, in the absence of appellant, that he had kicked her,
and thus caused the injuries; "that the exhibitions of said
injuries to the witnesses were some days after she said she re-
ceived them."

It is further recited in the bill of exceptions that appellant
objected to the proposed testimony, "for the reason that her
(appellee's) statements as to the cause of the injuries, made
in the absence of the defendant (appellant), and at a time
subsequent to the time she alleged she received them, were
not competent to be proved against the defendant, being but
her own declarations in her own favor."

It is still further recited in the bill that the court overruled
the objection, "and permitted the witnesses to testify that at
different times the plaintiff (appellee) exhibited to them sep-
arately certain sores, bruises or blue spots on her leg, and at
the time she so exhibited them, and in the absence of the de-
fendant (appellant), stated to them that the defendant kicked
her there and caused them " (the injuries).

It will be observed that the testimony of the witnesses is not set out as given, but rather a summary of it. From this summary it does not appear when the exhibitions and statements by appellee were made with reference to the infliction of the injuries by appellant. It contains no statement nor intimation that she informed the witnesses of the time when the injuries were inflicted. For aught that is made to appear by the summary of the testimony given, appellee's exhibitions of the wounds, and her statements in relation thereto, may have been made immediately after receiving them, or so soon thereafter as to be a part of the *res gestæ*. If they were, they are competent.

It is well settled that a judgment will not be reversed by this court unless the record affirmatively shows that there was error in the proceedings below, and that the error was, or probably was, prejudicial to the party complaining here. *Cline* v. *Lindsey*, 110 Ind. 337; *Hollingsworth* v. *State*, 111 Ind. 289; *Brown* v. *Muncie Nat'l Bank*, 110 Ind. 323; *Harter* v. *Eltzroth*, 111 Ind. 159.

In the absence of an affirmative showing to the contrary, all reasonable presumptions will be indulged by this court in favor of the rulings of the trial court. *Becknell* v. *Becknell*, 110 Ind. 42; *Ford* v. *State*, 112 Ind. 373.

This court can not say, upon the record before it, that the exhibitions and declarations by appellee were so separated in time from the infliction of the injuries by appellant as not to be a part of the *res gestæ*, without indulging a presumption against the ruling of the court below.

It is recited in the bill of exceptions, as we have seen, that appellee's counsel offered to prove by the witnesses that the exhibitions and declarations by appellee were made some days after she said the injuries were received. Let it be conceded that, if the evidence had been as the offer indicated it would be, it would have been incompetent, and that the overruling of appellant's objection in such case would have been an error, and it does not follow that there is an availa-

ble error here for a reversal of the judgment. It is the testimony which follows, and not the offer or questions to witnesses, which injures the objecting party.

It not infrequently happens that the testimony of the witness in response to an improper question is favorable to the objecting party. In such a case, clearly, the judgment will not be reversed because the question may have been objectionable.

Here, as we have already seen, the summary of the testimony of the witnesses does not show that the exhibitions and declarations by appellee were made "some days" after the injuries were inflicted, nor does it show that she so stated to the witnesses. As made, appellant's objection was not a valid objection to the testimony of the exhibitions and declarations by appellee. His objection, as we have seen, was upon the ground that the exhibitions and declarations by her were made subsequent to the time when she said the injuries were inflicted. It could hardly be supposed that she could make the exhibitions and declarations at the very time when they were inflicted. To say that in order to be competent such exhibitions and declarations must be thus made, would be to say that in no case can declarations of the injured wife be competent evidence if made in the absence of the husband, who inflicted the injuries. The most that is required by the better considered cases, and the more reliable law writers, is, that such exhibitions and declarations shall be so near the time when the injuries were inflicted as to be regarded as a part of the *res gestœ.* Upon that proposition, it is not necessary here to do more than to cite some of the authorities supporting it, either directly or indirectly, without attempting to define what length of time may elapse between the infliction of an injury by a husband and the declarations by the wife in relation thereto, without rendering such declarations incompetent as not being a part of the *res gestœ.* 2 Bishop Marriage and Divorce (6th ed.), sections 659, 660, 661; *Lockwood* v. *Lockwood,* 2 Curt. Ecc. 281 (292 *et seq.*);

*Dysart* v. *Dysart,* 1 Robt. Ecc. 106 (114); S. C., *Id.* 470 (497); *McGowen* v. *McGowen,* 52 Texas, 657; see, also, *Berdell* v. *Berdell,* 80 Ill. 604; *Waring* v. *Waring,* 2 Phill. 132 (1 Eng. Ecc. 210); *Cattison* v. *Cattison,* 22 Pa. St. 275; *Johnson* v. *Sherwin,* 3 Gray, 374 (34 Am. Dec. 469); *Palmer* v. *Crook,* 7 Gray, 418; *Jacobs* v. *Whitcomb,* 10 Cush. 255; 1 Wharton Ev. (2d ed.), section 225; *Lambert* v. *People,* 29 Mich. 71; *Higham* v. *Vanosdol,* 101 Ind. 160; *Stephenson* v. *State,* 110 Ind. 358 (372), and cases there cited; *Brown* v. *Kenyon,* 108 Ind. 283, and cases there cited; *Baker* v. *Gausin,* 76 Ind. 317 (322).

Appellant's counsel further contend, that it was not shown below, as required by section 1031, R. S. 1881, by two witnesses who were resident freeholders and householders of the State, that appellee had been a *bona fide* resident of the State for two years previous to the filing of her petition, and for six months immediately prior thereto a *bona fide* resident of the county.

Subsequent to this appeal, by a proper proceeding, the bill of exceptions was corrected and amended by the court below. It is made very plain by that proceeding, that the bill which was first brought here as a part of the transcript not only omitted the testimony of several witnesses heard upon the trial below, but, also, that the testimony of the witnesses named in the bill was not complete or correct.

The amended bill has been filed and has become a part of the record. Looking to that bill, in connection with that first filed as a part of the transcript, there is evidence in the record which clearly shows the required residence on the part of appellee, and which tends to show that that residence was proven by witnesses having the qualifications required by the statute. Such being the case, the judgment can not be reversed upon the evidence. If we should disregard what the amended bill shows, and tends to show, we should be compelled to hold that all of the evidence is not in the

record.    In that case, of course, this court could not reverse the judgment upon the evidence.

The record is in a very confused condition, but, after a careful examination of it, we are satisfied that the judgment ought to be affirmed.    Clearly, the record presents no error for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed Feb. 7, 1888.