Anna Muir, Appellee, v. Elmer F. Muir, Appellant.

Gen. No. 9,650.

Opinion filed April 25, 1941. Rehearing denied June 24, 1941.

W. J. PARISH and V. A. PARISH, both of Momence, for appellant.

E. P. HARNEY, of Momence, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

On October 2, 1939, Anna Muir filed a suit for a divorce in the circuit court of Kankakee county alleging that her husband, Elmer F. Muir, was guilty of

extreme and repeated cruelty. In her complaint she alleged, that she was married on the 16th day of May A. D. 1937; that she resided with her husband until about the 1st day of September 1939; that on the 15th day of January A. D. 1938, the defendant struck her violent blows and used towards her opprobrious epithets and threw a magazine stand and a lamp on the floor, breaking each of them; that on the 23d day of June 1939, the said Elmer F. Muir again struck her with his fist ten violent blows on the mouth, nose and shoulder and broke her glasses and left her body black and blue. The bill ends with a prayer for a divorce. The defendant was served with summons on October 2, 1939. On the 21st day of December A. D. 1939, a default was entered against the defendant, and the court proceeded to hear evidence of the plaintiff to sustain her charges of cruelty as alleged in the complaint.

On December 21, 1939, the court entered its decree in which it finds that there was due service upon the defendant, Elmer F. Muir; that the court had jurisdiction of the subject matter and the parties to the action, and that Elmer F. Muir failed to answer the complaint, and having failed to do so, was in default. The court then, by its order, found and decreed that the complaint be and the same is hereby taken as true and confessed by the defendant, and that the equities in the case are with the plaintiff.

The decree then recites: "THE COURT FURTHER FINDS, that the defendant, Elmer F. Muir, not regarding his marriage vows and obligations, has since his marriage to the plaintiff been guilty of extreme and repeated cruelty toward the plaintiff, as charged in the complaint, in that he has used toward her on many occasions obscene and abusive language, and on numerous occasions has struck her and otherwise subjected her to personal violence; that on the 15th day of January, A. D. 1938, the said Elmer F. Muir struck

the plaintiff a violent blow on her chest and pushed her rudely and violently across the room and used toward her at the same time violent and opprobrious epithets and in a violent rage of temper threw a magazine stand and a lamp on to the floor breaking each of them; that again on the 23d day of June, A. D. 1939, in her residence at Momence, Illinois, the said Elmer F. Muir struck her with his fist about ten violent blows on the mouth and nose and about her shoulders, breaking her glasses and seriously injuring her, causing her nose to bleed and her body to be black and blue from the beating; that on numerous other occasions the said Elmer F. Muir struck, beat, bruised and scratched plaintiff, and that on all of said times hereinbefore mentioned, his conduct was without reason or provocation.

"It is THEREFORE ORDERED, ADJUDGED AND DECREED, by the Court, that the marriage between the plaintiff, Anna Muir, and the defendant, Elmer F. Muir, be dissolved and declared null and void, and the same is hereby dissolved accordingly, and that the parties are, and each of them is, freed from the obligations thereof.

"It is FURTHER ORDERED, ADJUDGED AND DECREED, that the plaintiff be, and she is hereby allowed to resume her former name of Anna Brassard.

"It is FURTHER ORDERED by the Court that the defendant pay the costs of this suit.

"ENTER: *Luther B. Bratton*
JUDGE."

On January 15, 1940, the defendant, by Parish & Parish, his attorneys, entered a motion in said cause to have the decree modified, or set aside and states the ground for said motion, "That the decree of divorce entered herein was granted on default and without the cause of divorce having been fully proved by reliable witnesses and by statute provided." On April 4, 1940, said motion was argued and taken by the court under advisement until the 15th day of July when the motion

to modify the decree was denied by the court. It is from this order of the court that the appeal is prosecuted.

It is first insisted that the court erred in granting the plaintiff her divorce without any corroboration of the acts of cruelty of which she testified. The appellant contends that the witness, Hilma Kinney's testimony is incompetent. A reading of Hilma Kinney's testimony discloses that she testified that on two occasions Mrs. Muir came to her house and exhibited bruises and marks that Mrs. Muir told her had been inflicted by the defendant, Elmer F. Muir. In the case of *Berdell v. Berdell,* 80 Ill. 604 at 606, the Supreme Court, in discussing corroborative evidence in a suit for a divorce, uses this language: "The complainant, in her evidence, testifies to numerous acts of personal violence on the part of her husband, which were unjustifiable and without cause or provocation, and if her evidence be true, there can be no doubt that a clear case for divorce was established. But independent of her evidence, on several occasions the marks of violence were discovered on her person by her neighbors, after she claimed to have received blows from her husband. While this character of evidence is not as satisfactory as if witnesses had been produced who saw the blows given, yet the bruises and marks observed and sworn to were competent testimony in confirmation of the evidence given by the complainant.".

Since the decision of the court in this case, this practice has been followed in divorce cases where the charge is cruelty, and we find no case where this practice has ever been overruled or criticized by a court of review.

It is next insisted that the court erred in granting a divorce because the evidence shows that the last act of cruelty committed by the husband against the wife occurred on June 23, 1938, and she lived with her

husband until some time until the 1st day of August 1939. The bill filed and the decree of the court finds that the second act of cruelty was on a different date than that shown by the record. The court, in its decree, finds that the last act of cruelty occurred on June 23, 1939. A reading of the whole record discloses that the transcript is in error in showing that this last act of cruelty was in 1938, but should be 1939. The court, by its decree (signed the same date as the hearing), has found this to be the correct date, and this court will assume that it is the correct date.

In appellant's assignment of error there are other causes shown why this decree should be reversed, but they are not argued, so are considered waived by this court. We find no reversible error in the case, and the judgment of the trial court is hereby affirmed.

*Affirmed.*