Anna M. Ryan, Appellee, v. Martin J. Ryan, Appellant.

Gen. No. 42,378.

Heard in the third division of this court for the first district at the October term, 1942. Opinion filed February 2, 1944.

John D. Vosnos, of Chicago, for appellant.

Hugh M. Matchett and James P. Harrold, both of Chicago, for appellee.

Mr. Justice Kiley delivered the opinion of the court.

This is an action for separate maintenance with a counterclaim by the husband for divorce. The trial was by the court without a jury and the decree dismissed the counterclaim for want of equity and granted plaintiff separate maintenance. The husband appeals.

Plaintiff's allegations, material here, were the marriage November 13, 1929; her good conduct and the birth of two children; morose, hostile and cruel conduct of her husband; his desertion of the family October 12, 1940 without cause; and her life separate and apart without her fault. Defendant puts in issue all charges except the marriage and children. His counterclaim alleges his good conduct and her cruelty by striking him with a clothes brush and scratching him October 3, 1940; and striking him with a shoe October 13, 1939 and scratching him September 6, 1937. He also charged generally her profanity and abuse, making his life miserable. She denied the charges.

The decree so far as it pertains to the issues on this appeal, found the equities for plaintiff and against defendant and counter-plaintiff and found that defendant struck and beat plaintiff October 12, 1939 and October 3, 1940 without cause; and that without cause or provocation, he deserted his family October 12, 1940.

Ryan claims error because of the court's refusal to permit witnesses in his behalf to testify to his statements out of Mrs. Ryan's presence, concerning scratches and blood on his face about October 3, 1940.

The test of admissibility of the statements is their spontaneity and we cannot find error, unless the court abused its discretion in ruling on the admissibility.

*Peterson v. Cochran & McCluer Co.,* 308 Ill. App. 348. Ryan had the burden of showing the statements were spontaneous. *Johnson v. Swords Co.,* 286 Ill. App. 377. While courts recognize the need of applying the *res gestae* rule to divorce and separate maintenance cases because the nature of the marriage relation renders witnesses to actual misconduct improbable; nevertheless, the element of spontaneity is required (Bishop on Marriage, vol. 2, sec. 1448), and should be in actions attacking that sanctified and necessary relationship. Neither *Passmore v. Passmore,* 113 Ind. 237, 15 N. E. 338 nor *Berdell v. Berdell,* 80 Ill. 604, relied upon here announce a different rule; and *Muir v. Muir,* 310 Ill. App. 443, should not be understood as holding that practice in divorce cases has changed the rule. There was no offer of proof to show spontaneity of the statements and we do not think the court abused its discretion by excluding the testimony.

We see no objection to the unfortunate child of the parties, who was ten years old, giving testimony, for we presume the trial court gave that testimony whatever weight it deserved. Ryan says there is not sufficient finding in the decree that plaintiff is living separate and apart from him without her fault. No special findings are necessary under the Civil Practice Act. *Smeck v. Smeck,* 298 Ill. App. 625 (Abst.). Complaint is made of the examination of witnesses by the trial court. We have read the transcript of the testimony and find no basis for this complaint. The jury was waived at the trial by both sides.

Neither the acts alleged in the counterclaim nor the proof thereunder constitute the extreme and repeated cruelty required in a suit by a husband against his wife. *Teal v. Teal,* 324 Ill. 207. At the time of the trial Ryan weighed 189 pounds and Mrs. Ryan, 119 pounds.

Mrs. Ryan and Maureen testified that Ryan beat his wife October 3, 1940 in an argument over the child's bedtime. She says that after he beat her she threw

a hair brush at him and that he hit her on the head with a shoe. He says that she threw the brush at him and blackened and cut his eye in the argument, but he denies striking her. So far as the acts of cruelty found to have been committed by Ryan are concerned, the testimony is in conflict as to the part played by Ryan. The court saw the several witnesses, and the decision was one which depended upon the weight given the testimony. We cannot substitute our judgment for its and say that plaintiff was not telling the truth and that the trial court should have believed the defendant.

From the foregoing findings it is evident that, had plaintiff left defendant, she would have had ample reason for doing so, without being at fault. Defendant left, however, and the question is whether plaintiff was at fault in his leaving.

Plaintiff admits throwing the brush on October 3, 1940, but only after she was beaten; admits bolting the front door late at night when alone, and that her husband was locked out, but denies intending to lock him out, saying that his key would not fit. Of course, the inference is that he made noise trying to enter and that she could have let him in, even though in the first instance she may have been justified in locking the door for her own protection. Plaintiff admitted calling him vile names when she was out of temper at his late arrivals at home, and sometimes in the presence of their child.

We believe that the court summed up this problem very well in saying that the root of the trouble was the husband's lack of attention to his wife. It appears from the testimony that the parties were happy in their courtship and until a couple of years after their marriage. Each blames the other and attaches as a condition to reconciliation that the other change his or her way of living. There was no such proof of an offer to return by the husband which would have revoked any previous right to separate maintenance on

his wife's part. He offered to return if she would treat him as a wife should. She refused to take him back unless he would live as a husband and father should. Though the record indicates fits of temper and vulgarity on the part of the wife, which detracted from the wholesomeness of the home and family life, nevertheless, it also shows that she was not at fault in living separate and apart.

For the reasons given the decree is affirmed.

*Decree affirmed.*

HEBEL, P. J., and BURKE, J., concur.