SHARON LYNNE STARK, Plaintiff-Appellant, *v.* ROBERT G. STARK, Defendant-Appellee.

(No. 72-152; ▮▮▮▮▮▮▮▮▮▮)

Third District—July 19, 1973.

Dusenbury and Lucas, of Kankakee, (Jerry B. Lucas, of counsel,) for appellant.

Sheldon W. Reagan, of Kankakee, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The marriage of Robert G. Stark and Sharon Lynne Stark terminated in a divorce on October 8, 1968. The decree of divorce awarded the custody of two minor children, Kim Rae Stark and Rhonda Jean Stark, to their mother, Sharon Lynne Stark. On May 17, 1972, Robert G. Stark, hereinafter referred to as the petitioner, filed a petition to modify the decree by changing custody of the children from the respondent, Sharon Lynne Stark, to himself. In support of his prayer for modification, the petition alleged that the respondent was unfit both physically and temperamentally to have the care, control and custody of the children and that their well being was being neglected. The petitioner subsequently amended his petition to modify by specifically charging the respondent with being a shoplifter and that the minor children aided and abetted her in such conduct. He also charged the respondent with having obtained meals from restaurants without payment for the same and that she instructed the children how to act and react in accomplishing these acts. Lastly the amended petition alleged that the minor child Kim Rae Stark has urological and orthopedic problems which the respondent has ignored medically but instead has used corporal punishment in an effort to correct the condition, the result being the petitioner has been forced to seek medical assistance for the child in order to protect her psychological well being.

After an answer of denial being filed by the respondent a hearing was had without jury, at the conclusion of which the trial court awarded custody of the minor children to the petitioner. This appeal stems from this change of custody order.

The respondent raises several issues; the first which we will consider is that the trial court erred in denying her motion to dismiss the petition to modify the divorce decree at the close of all evidence for failure to prove a change of circumstances affecting the best interests and welfare of the minor children.

In reviewing the record it is apparent that the trial court in making its determination relied on the testimony of the minor child, Kim Rae, who was ten years of age at the time she testified. The testimony of Kim Rae was especially damaging to the respondent in that it indicated a knowledge of and proficiency in stealing on the part of a ten year old child that could only come from having actually participated in such conduct. It further would stretch one's credulity to believe that such knowledge and proficiency could be attained by a child of such tender years without instruction and coaching from an adult. Without setting forth the testimony of Kim Rae in detail, it is suffice to say that it concerned the theft of cigarettes and umbrellas and how the thefts were accomplished. The

witness, but ten years old, identified the scenes of the thefts, indicated a familiarity with the importance of a sales receipt, knowledge of the location of cash registers and the importance of locating an empty aisle so that stolen items could be secreted on her person. There was no uncertainty in the testimony of Kim Rae as to the acts of theft being solicited or ordered on the part of her mother, the respondent. Also her testimony further was to the effect that the respondent frequently stole small articles and left eating establishments without paying the bill.

The testimony of the eight year old, Rhonda Jean, in several instances supported the allegations concerning thefts which were in the petition to modify but the trial court because of the witness's age declined to consider this testimony and we shall do likewise in this appeal.

The respondent's testimony contradicted that of her ten year old daughter and in regard to the theft of the umbrellas she stated that they cost $4.00 apiece and that she paid for them with a check. This check, or a photocopy of it, was never presented to substantiate her statement but instead in support of a motion for rehearing she submitted a check in the amount of $5.12.

The respondent strongly urges that the trial court erred in that the testimony adduced at the hearing failed to show a change of circumstances affecting the best interests of the minor children and therefore a change of custody order should not have been entered.

We will subsequently consider the respondent's contention that the order of the trial court was against the manifest weight of the evidence, but assuming it was not we are at a loss to follow the reasoning of the respondent that a change of circumstances had not ensued from the date of the entry of the decree of divorce. There was no testimony or any scintilla of evidence presented at the time of the divorce of the petitioner and respondent that the respondent had a propensity for thievery. Lacking a charge and proof of such conduct individuals are presumed to be innocent and such was the situation at the time the parties were divorced. The testimony of Kim Rae if believable showed a change of circumstances. This was the reasoning of the trial court and we also subscribe to it.

■■ Was the testimony of Kim Rae believable or is the respondent correct that the custody change order of the trial court was against the manifest weight of the evidence? In making a determination of this issue we must at the outset recognize the rule of law that a child is competent to testify if of average intelligence commensurate with her age and knows what is meant to take an oath and tell the truth. (*People v. Watkins*, 405 Ill. 454, 91 N.E.2d 406; *Ryan v. Ryan*, 321 Ill.App. 467, 53 N.E.2d 283.) The questioning of the trial court of the children in the

instant case concerning their competency to testify was quite similar to that conducted in the *Watkins* case which we have cited. The court found that the child Kim Rae was competent to testify and after examining the record we reach the same conclusion.

■■ The mere fact that there has been a change in conditions is not sufficient in itself to warrant modification of provisions of divorce decree dealing with custody of a child unless those changed conditions affect the welfare of the child. (*Maupin v. Maupin,* 339 Ill.App. 484, 90 N.E.2d 234.) In the instant case there was an abundance of testimony from the minor Kim Rae that her mother was instructing and training her daughters in the skills of thievery. As we have previously stated, there is no indication in the record that such conditions existed when the petitioner and respondent were divorced. The trial court chose to believe the testimony of Kim Rae and therefore could only conclude that a change of conditions had occurred which most seriously affected the welfare of the minor children. The trial court had the first hand opportunity to observe and hear witnesses and was in a superior position to determine the credibility which should be given to the testimony adduced at the hearing In matters concerning custody of infant children, appellate court will not disturb determination of trial judge who has heard evidence and has had an opportunity to observe parties unless it appears manifest injustice has been done. (*Hahn v. Hahn,* 69 Ill.App.2d 302, 216 N.E.2d 229.) We cannot see that the order of the trial court in this instance is unjust and manifestly against the weight of the evidence.

■■ The respondent further contends that the trial court indicated such bias and prejudice against her during the hearing that it was impossible for her to receive a fair hearing. This argument of the respondent is predicated upon the action of the trial court in denying the respondent the custody of the child Kim Rae during the hearing even though she legally was still vested with custodial rights. This contention can best be resolved by setting forth the colloquy that took place between the court and counsel for the respondent:

"*The Court;* That was til today and it was primary because she testified for one side and I didn't want her to have to suffer the embarrassment if not any worse of going back to the other side.

*Counsel for Respondent:* I think that is sound discretion, right. Well if you want to leave the custody the way it is for now Judge and not make any determination about it I don't have any objection to continuing this thing to another date so that we can have the time to bring all the witnesses before the court."

When this discussion ensued Kim Rae, pursuant to agreement between the parties, was in the physical custody of the petitioner since he

was making arrangements for the child to receive needed orthopedic surgery. The colloquy between the court and counsel for the respondent belies the argument that the trial court was biased or prejudiced and it further shows that her counsel did not feel that his client was being prejudiced.

For the reasons set forth we hereby affirm the judgment of the trial court which changed the custody .of Kim Rae Stark and Rhonda Jean Stark from the respondent, Sharon Lynne Stark, to the petitioner, Robert G. Stark.

Affirmed.

ALLOY, P. J., and DIXON, J., concur.