MARIA L. MASTERSON, Plaintiff-Appellee, v. JAMES F. MASTERSON, Defendant-Appellant.

Third District   No. 75-52

Opinion filed July 15, 1976.

James Madler, of Chicago (Harvey B. Bass, of counsel), for appellant.

Schenk, Andreano & Duffy, of Joliet (Patrick McNamara, of counsel), for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

This appeal resulted from the trial court's denial of defendant's post-divorce decree petition for a change of custody of his two minor children of the marriage from their mother to himself. Plaintiff, Maria L. Masterson, was granted a divorce from defendant on March 11, 1971, and custody of their two minor children, a boy then age 3 and a girl age 1, was awarded to the plaintiff wife. Defendant's petition for a change of custody filed March 5, 1974, alleged that a change in circumstances had occurred since the entry of the divorce decree which now warranted granting custody of the children to him.

Defendant raises two issues on appeal: (1) whether the manifest weight of the evidence shows a sufficient change in circumstances to justify a change in custody; (2) whether the trial court's denial of his petition for a change of custody was against the manifest weight of the evidence and an abuse of the trial court's discretion.

The theory of defendant's case was to show specific instances that had occurred since the divorce to point out his ex-wife's lack of care and concern for the children and her general overall neglect of the children. He called 13 witnesses to testify. They included plaintiff's neighbors and friends, school personnel and police officers. Their testimony described in great detail certain instances where the children had been left unattended in the late afternoon and early evening due to Mrs. Masterson's long working hours.

Mrs. Masterson called witnesses to rebut those of petitioner. The evidence they presented in substance showed that each instance where the children were left unattended or she was allegedly neglectful was caused by unavoidable mixups regarding arrangements with babysitters. No evidence indicated that Mrs. Masterson was an unfit person to have custody of the children. Likewise, the record revealed that the defendant had married again and could himself make a suitable home for the children.

■■ We find the law to be clear in cases where a change of custody is sought by the noncustodial divorced parent. Whether a change in custody should be granted is a matter within the discretion of the trial court and will be reversed on appeal only when that discretion has been abused. (*Brady v. Brady*, 26 Ill. App. 3d 161, 324 N.E.2d 645 (1975); *Stark v. Stark*, 13 Ill. App. 3d 35, 299 N.E.2d 605 (1973).) The original custody order entered at the time of the divorce was and is subject to modification if substantial change in circumstances has occurred subsequent to the original custody order and the change in circumstances affects the welfare of the children. The burden of proof that circumstances have so changed is on this defendant father, as the moving party. The children's best interests and welfare is the chief concern of the trial court in granting

custody to the divorced parent as opposed to the other. We must decide whether the trial court's refusal to order a change of custody on the facts presented in this record was contrary to the manifest weight of the evidence.

■■ As a general rule children of tender years are entrusted to the care and custody of the mother. (*Nye v. Nye*, 411 Ill. 408, 105 N.E.2d 300 (1952).) The preference for maternal placement should not, however, be applied arbitrarily. (*Girolano v. Girolano*, 5 Ill. App. 3d 627, 283 N.E.2d 713 (1972).) The two Masterson children have been in their mother's custody since the divorce in 1971. In the considerable time elapsed since then the children have grown attached to their present surroundings and environment. It does not appear that it would be in their best interest to now remove them from those familiar surroundings. The defendant's charges of neglect and lack of supervision of the children were effectively rebutted and explained by the four witnesses in plaintiff's behalf. Although evidence indicated plaintiff's home was disorganized, nothing supported a view that it was an unfit place for the children to be raised. Defendant's allegation that the children had emotional problems due to plaintiff's neglect was based upon a very limited amount of observation by two school personnel and was properly weighed by the trial court with all of the other testimony presented.

The trial judge had the opportunity to observe and hear the witnesses first hand and he obviously very seriously considered what would serve the best interests and welfare of the minor children. We will not substitute our judgment for that of the trial court considering its superior opportunity to weigh and determine the credibility of the testimony. The burden of showing a change of circumstances was not met by the defendant.

We hold therefore that the denial of the petition to change custody was not contrary to the manifest weight of the evidence, nor was it an abuse of the trial court's discretion. The judgment of the Circuit Court of Will County is affirmed.

Affirmed.

ALLOY, P. J., and STENGEL, J., concur.