MARION GREN, Plaintiff-Appellant, v. DENNIS GREN, Defendant-Appellee.

Second District   No. 77-443

Opinion filed April 28, 1978.

Larry D. Drury, of Chicago, for appellant.

White & Roux, of Lake Bluff, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

This is an appeal from a modification of a divorce decree which transferred the permanent care and custody of two male, minor children from the mother, Marion Gren, to the father, Dennis Gren.

The issue before this court is whether the order of the trial court is beyond the manifest weight of the evidence in that it found that a substantial change of circumstances existed and that, based upon their best interests, the permanent care and custody of the children should be transferred to the father.

· The parties to this case were married in 1968. Two children were born of the marriage, Jason, born in May 1969, and Bradley, born in August 1970. The marital home of the parties, where both they and their children resided, was located in the Old Mill Grove subdivision of Lake Zurich.

In June 1974 a decree of divorce, with a property settlement agreement incorporated therein, was entered. The decree granted Marion permanent custody of the two boys, as well as title to the marital home. For the next 13 months the two boys resided with Marion at that premises. In May 1975 Dennis Gren remarried. His new wife had two small boys of her own from a previous marriage, who were contemporaries in age of the Gren children. The new Gren family resided in a home located within one block of the former Gren marital residence in Old Mill Grove.

In August 1975, for reasons that are disputed in the record, Marion relinquished the *de facto* custody and control of the Gren children to Dennis. Thereafter Jason and Bradley resided with Dennis and his new family for approximately 11 months while Marion exercised visitation. No written agreement was ever entered into by the parties relative to the transfer of custody. In July 1976 Dennis attempted to formalize Marion's visitation rights through the use of a written agreement. Marion would not agree to the terms of that document and demanded back the custody of the children. In compliance with the original divorce decree, Dennis returned the two children to Marion and they resided with her at the home of her male friend in North Barrington until the court granted custody to Dennis upon modification of the custody provision of the original decree.

Other than the facts set forth above, the testimony at the hearing on Dennis' custody petition also revealed that if Marion retained legal custody of the children they would have to leave the Lake Zurich school system in which they were enrolled and begin school in North Barrington. Secondly, it was shown that there were few children of similar age living in the vicinity of the North Barrington residence, which both boys had numerous friends in the Old Mill Grove subdivision.

In the case of *Wells v. Wells* (1976), 36 Ill. App. 3d 488, 344 N.E.2d 37,

this court recently reviewed the principles which, in Illinois, are applicable to the modification of the child custody. The elements of that review, and the cases cited therein, are still valid and are certainly germane to the case before us. Accordingly, the law is that a decision of the trial court regarding custody will not be disturbed unless it is palpably erroneous, an abuse of discretion, contrary to the manifest weight of the evidence, or where it appears that manifest injustice has been done.

■■ In the instant case we cannot hold, from a review of the record before us, that the trial court abused its discretion, that the order issued is palpably erroneous, or that it constitutes a manifest unjustice. The mere fact that the court modified the divorce decree so as to grant permanent custody to a natural father and remove custody from a mother who has not been proved unfit, *per se*, is not so outrageous of itself as to violate these principles of review. We have recently held that it need not be shown that the mother is unfit for the father to receive custody, and that there is no longer a presumption in favor of the mother. *Strand v. Strand* (1976), 41 Ill. App. 3d 651, 355 N.E.2d 47.

■■ The presumption favoring the result reached by the trial court is always strong and compelling in child custody cases (*Marcus v. Marcus* (1974), 24 Ill. App. 3d 401, 320 N.E.2d 581), since it, rather than the reviewing court, is in a better position to evaluate the credibility of the witnesses and the needs of the children. (*Masterson v. Masterson* (1976), 40 Ill. App. 3d 201, 351 N.E.2d 888.) Here the trial court found that there had been a substantial change in circumstances and that the best interest of the children dictated a change in custody. The trial court did not set forth the rationale for its finding, either orally or in writing. However, the record reveals that the mother voluntarily transferred the *de facto* custody of the children to the father for over 11 months, and resumed custody only when the father attempted to formalize her rights of visitation and not because of some reason relating to the needs of the children. Additionally, we note that this case is somewhat unusual in that the stability of the children's lives, regarding their schools, playmates and general environment, could only be maintained by the alteration of custody. If custody were retained by the mother the children would have to change school systems due to her place of residence in North Barrington. They would also have to exchange numerous playmates and a relatively familiar environment for limited opportunities for companionship and a relatively foreign environment. By giving custody to the father the children would remain in the Old Mill Grove subdivision within a block of their original home. This factor of environmental stability, when viewed in conjunction with the attitude of the mother toward the children evidenced by her voluntary transfer of *de facto* custody, in our view, presents sufficient evidence upon which the trial

court could base its order. We, therefore, hold that the order of the trial court is not beyond the manifest weight of the evidence, and the same is accordingly affirmed.

Affirmed.

NASH and RECHENMACHER, JJ., concur.