Filed May 29, 1889.

No. 13,560.

## KERN v. BRIDWELL.

ARGUMENT OF COUNSEL.—*Misconduct.*— *When Error can not be Alleged.*— Where the trial court, upon objection being made to improper argument, does all in its power to relieve the party from any injury likely to result from the misconduct of counsel, there is no action upon which error can be predicated.

EVIDENCE.—*Exclusion of.*—*Question on, How Reserved.*—*Practice.*—In order to reserve a question upon the exclusion of testimony, a pertinent question must be propounded to the witness, and, upon objection, a statement made to the court as to the testimony which will be given in answer thereto, and an exception must be reserved at the time the ruling is made.

SLANDER.—*Unmarried Female.—Abortion.—Examination of Person by Medical Experts.*—Where, in an action by an unmarried woman for slander, it is alleged that the defendant had spoken of the plaintiff that she was a whore, and had become pregnant, and had suffered an abortion to be procured upon her, the defendant is not entitled, under a plea of justification, to an order requiring the plaintiff to submit her person to an examination by medical experts.

From the Lawrence Circuit Court.

*M. F. Dunn* and *G. G. Dunn,* for appellant.

*G. W. Friedley* and *J. Giles,* for appellee.

OLDS, J.—This is an action for slander, brought by appellee against the appellant. The complaint charges the defendant with having spoken of and concerning Addie M. Bridwell, an unmarried female under twenty-one years of age, that she was a whore; that she had slept with one McCain, and he had had sexual intercourse with her, and she had become pregnant and then procured or suffered an abortion to be procured upon her.

The defendant answered by general denial and a plea of justification, on the ground of the truth of the allegations.

There was a trial, resulting in a verdict and judgment for the plaintiff, the appellee.

The defendant filed a motion for a new trial, which was overruled, and he reserved exceptions to the ruling and appeals to this court. The only error assigned is the ruling on the motion for a new trial.

The first ground of complaint is the misconduct of counsel for appellee in the opening argument of the case to the jury. Objection was made to the statements of counsel at the time, and the court called the counsel to order and informed the jury that the statements were improper, and that the jury must disregard them; it also charged the jury to disregard all irrelevant statements of counsel.

The court did all in its power to relieve the party from any injury likely to result from the misconduct of counsel, and there is no action of the court to which an exception

can be taken, and there was no error committed by the court. *Grubb* v. *State*, 117 Ind. 277.

The next question discussed by counsel is the exclusion of certain testimony. The record shows that the defendant produced a Mrs. Kern as a witness, who testified as to the condition and appearance of the plaintiff, Addie M., at the time she was charged by the defendant with having been pregnant, and then asked the witness whether, from the facts stated, the plaintiff was or was not pregnant. Objection was made by plaintiff and sustained by the court, to which ruling defendant at the time objected.

The record also shows that the defendant produced one John Boyd as a witness, who testified to having seen the plaintiff, Addie M., in December, 1883, and described her condition. Whereupon the defendant offered to prove by the witness that from what he saw of her, and from her appearance in December, 1883, the plaintiff was, in his opinion, pregnant at that time. There was no question propounded to Boyd calling for an answer as to the pregnancy of the plaintiff, Addie M., nor did defendant state what he proposed to prove by Mrs. Kern in answer to the question propounded to her. In neither case is there any question presented as to the correctness of the ruling of the court.

The rule has been long and well established, that, to reserve any question on the ruling of the trial court in excluding the testimony of a witness, there must be a pertinent question propounded, and, upon objection, a statement made to the court as to the testimony which such witness will give in answer thereto, and an exception reserved at the time of the ruling. The rule was in no way complied with in this case, and no question is presented by the record as to the exclusion of the testimony. This rule of practice is so well established and so reasonable that there is no cause to deviate from it. *Judy* v. *Citizen*, 101 Ind. 18; *Higham* v. *Vanosdol*, 101 Ind. 160; *Beard* v. *Lofton*, 102 Ind. 408; *Ralston* v. *Moore*, 105 Ind. 243.

Kern *v.* Bridwell.

The only other error complained of by counsel is the refusal of the court to order the plaintiff, Addie M., to submit her person to an examination by medical experts. Waiving all questions as to the informality of the application, we do not think there was any error in the ruling of the court in refusing to grant the application and make the order. We are not cited to any case where any court has held such an examination to be proper, and we think none can be found.

One should not publish and circulate slanderous charges against a young unmarried female, as proven in this case, unless he is able to substantiate them when called upon to do so, without calling upon the court to aid in the search for evidence in his behalf by ordering and subjecting her to an indelicate examination of her person, with the hope of obtaining some information advantageous to the defense, and calling to his aid the power of the court as a means of humiliating her still more. When one voluntarily asserts a slanderous charge against another, and defends by alleging the truth of his assertion, he must be able to substantiate the truth of the charge without invading the privacy of the person about whom the charge is made. The court very properly refused to make the order requiring the plaintiff to submit her person to an examination. Indeed, the court was exceedingly lenient with the defendant in this case, as the verdict was for $8,000, and it required the plaintiff to remit the amount in excess of $2,000, and only rendered judgment for the latter amount, which was a liberal exercise of authority in the defendant's behalf.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs and five per cent. damages.
Filed June 4, 1889.