No.* 125.

# THE CHICAGO AND INDIANA COAL RAILWAY COMPANY v. DE BAUM.

RAILROAD.—*Injury to Animal.—Action to Recover Damages.—Complaint.— Sufficiency of.*—A complaint against a railroad company to recover damages for injury to a horse alleged to have been caused by the negligence of the defendant in not having its switch premises in a safe and suitable condition for use by persons loading cars for shipment of freight on the defendant's road, averred that the plaintiff was engaged with his team of horses in loading timber at the usual place for loading timber on cars, which were on the defendant's switch ; that by the removal of a stake a hole had been left in the defendant's right of way at or near said loading place, which the defendant had negligently omitted to fill ; that while the plaintiff was engaged with his team of horses in loading timber at said place one of his horses stepped into said hole and was injured ; that a covering of snow prevented the plaintiff from seeing said hole ; that said injury to the horse was without negligence on the part of the plaintiff.

*Held,* that the complaint stated a good cause of action.

SAME.—*Placing Material on Cars—Choice of Methods in Loading.—Obligation as to.*—If the loading might have been done more speedily and without the use of horses if some other means had been adopted, the plaintiff was not at fault if the method made use of by him was reasonably well adapted to the particular work in hand, and was in all respects attended to with ordinary care, such care as men of ordinary prudence, sense and discretion would be expected to use under the same circumstances.

LICENSE.—*To Enter Upon Lands.— What Constitutes.—How Inferred.—Liability for Injuries.*—When the owner or occupant, by enticement, allurement or inducement, whether express or implied, causes another to come upon his lands, he assumes the obligation of providing for the safety and protection of the person so coming; and for any breach of duty in that respect such owner or occupant becomes liable for any injury which may result to the persons so called to come upon his land. The enticement, allurement or inducement, as the case may be, must be the equivalent of an express or implied invitation. Mere acquiescence is not sufficient. Such an invitation may be inferred from some act or line of conduct, or from some designation or dedication.

PRACTICE.—*Statement of Proposed Testimony.— When Must be Made.*—A statement to the court of what a witness would testify comes too late if not made until after the objection to the questions was sustained and exceptions reserved. No question is properly presented as to the correctness of the ruling of the court in sustaining the objection to the question under such circumstances.

The Chicago and Indiana Coal Railway Company *v.* De Baum.

WITNESS.—*Expert.*—*Evidence.*—There is no error in this case in refusing to permit one examined as an expert witness to answer questions which were not based upon proved or admitted facts, nor upon facts assumed for the purpose of hypothetical inquiry.

From the Parke Circuit Court.

*S. H. Spooner* and *D. Strouse,* for appellant.

*H. E. Hadley, S. D. Puett, D. H. Maxwell* and *H. Maxwell,* for appellee.

NEW, C. J.—The appellee brought this action to recover damages for injury to a horse, alleged, to have been caused by the negligence of the appellant in not having its switch premises in a safe and suitable condition for use by persons loading cars for shipment of freight on the appellant's road.

The substance of the complaint may be given as follows: In January, 1887, the appellee was engaged, with his team of horses, in loading timber at the usual place for loading timber on cars which were on the appellant's switch. Prior to the time of the injury of said horse, a wooden stake, six by eight inches in diameter, which had been placed in the ground by the appellant, within its right of way at or near said loading place, was removed by the appellant, leaving a hole in the ground about two feet deep and six by eight inches in diameter, which the appellant had negligently omitted to fill; that while the appellee was engaged with his team of horses in loading timber at said place, one of his horses stepped into said hole and broke its right hind leg, to the appellee's damage of $150; that by reason of the snow, which then covered the ground, the appellee could not see said hole, and that said injury to the horse was without negligence on the part of the appellee.

Issue was joined by a plea of general denial. The cause was tried by the court, with finding and judgment for $70 in favor of the appellee.

The overruling of a demurrer to the complaint, and a motion for a new trial, the appellant assigns as error.

We think the complaint is good. The facts alleged are sufficient to show negligence by the appellant, and contributory negligence by the appellee is denied.

If the place where the injury occurred was one which the appellee was induced to use in loading cars by the invitation, express or implied, of the appellant, the latter thereby assumed the obligation that such loading place was in safe condition and suitable for such use.

It is averred in the complaint that the place where the horse was injured was the usual and customary place of loading timber on the appellant's cars, and was on land so used by the appellant.

It would seem to be the theory of the complaint that there was, at least, an implied invitation from the appellant to the appellee to do his loading there; that the place was not suitable for that purpose, and that, therefore, there was a breach of the appellant's obligation, resulting in the damages sued for by the appellee.

Was the appellant under some legal duty to the appellee, respecting the transaction set out in the complaint, which it failed to perform, thereby causing the injury to the appellee's horse sued for? Actionable negligence exists only where the one whose act causes or occasions the injury owes to the injured person a duty, created either by contract or by operation of law, which he has failed to discharge. *Lary* v. *Cleveland, etc., R. R. Co.*, 78 Ind. 323.

Where a person has a mere license to go upon the grounds or enclosure of another, he takes the premises as he finds them, and accepts whatever perils he incurs in the use of such license. But when the owner or occupant, by enticement, allurement, or inducement, whether express or implied, causes another to come upon his lands, he then assumes the obligation of providing for the safety and protection of the person so coming, and for any breach of duty in that respect such owner or occupant becomes liable for any injury which may result to the persons so called to come upon his

land.   The enticement, allurement, or inducement, as the case may be, must be the equivalent of an express or implied invitation.   Mere acquiescence in the use of the lands of another is not sufficient.   Such an invitation may be inferred from some act or line of conduct, or from some designation or dedication. *Indiana, etc., R. W. Co.* v. *Barnhart,* 115 Ind. 399, and many cases there cited; *Penso* v. *McCormick,* 125 Ind. 116.

We do not think the case made by the complaint is one of mere license or passive assent by the appellant that the appellee might put timber on the cars at that point.

The appellant contends that it does not appear from the evidence that the appellee was induced by its invitation, either express or implied, to go upon or make use of its ground on the west side of the track where the horse was injured.   It is further contended that it is shown by the evidence that the east side of the switch grounds, or right of way, was designed and adapted for the use of the appellant's customers, and was suitable and fit in every respect to be so used; and that the west side, where the horse was injured, was unfit for such use, and was not designed by the appellant for use by its customers for any purpose whatever; that this was known to the public generally, and that it was obvious to the public that the ground on the west side was so rough and uneven as to be unfit for the use to which it was applied.

We have examined the evidence and do not think it sustains the contention of the appellant.

The evidence tends to show, that with the knowledge and consent of the appellant, the west side had theretofore been used by others in loading timber or freight upon the appellant's cars, horses being used for that purpose in the same manner as used by the appellee.   It does not appear with certainty just how uneven the ground was on the west side where the horse was injured, but the evidence was not, in our opinion, such as to make it obvious or palpable that it

could not be so used safely in the manner of loading followed by the appellee and others.

It may be that the loading might have been done more speedily and without the use of horses if some other means had been adopted; but the appellee was not at fault in that regard, if the method made use of by him was reasonably well adapted to the particular work in hand, and was in all respects attended to with ordinary care, such care as men of ordinary prudence, sense and discretion would be expected to use under the same circumstances. This, like all other material questions of fact involved in the issues, was for the court to determine from the evidence.

No question is properly presented as to the correctness of the ruling of the court in sustaining objections made by the appellee to questions propounded by the appellant to the witness Page.

It is shown by the bill of exceptions that the statement to the court of what the witness would testify was not made until after the objections to the questions were sustained and exceptions reserved. This was too late. The court was entitled to be informed before making its ruling what answers were expected to be elicited. *Higham* v. *Vanosdol*, 101 Ind. 160; *Kern* v. *Bridwell*, 119 Ind. 226; *Tobin* v. *Young*, 124 Ind. 507.

Furthermore, the questions to which objections were sustained were propounded to the witness Page as an expert witness. He was the appellant's witness, and upon his examination in chief was asked, in a very leading form, whether the cars could not have been loaded more easily and safely on the east side of the road with cant-hooks and blocks and tackle than in the manner they were loaded. There had been no evidence about cant-hooks nor block and tackle before that, nor was there afterwards.

These questions were not based upon proved or admitted facts, nor upon facts assumed for the purpose of hypothetical inquiry.

The Chicago and Indiana Coal Railway Company *v.* De Baum.

While we do not decide whether the opinion of an expert witness, possessing peculiar skill, may, or may not, be taken directly as to the comparative merits of two different methods or systems, where there is a question under investigation which so far partakes of the nature of a science as to require a course of previous training, habit or study in order to the attainment of a knowledge of it, we are not prepared to say that such was the situation in the case at bar, as disclosed by the evidence. See *Chicago, etc., R. R. Co.* v. *Modesitt,* 124 Ind. 212.

Counsel for the appellant cite us to the case of *Louisville, etc., R. W. Co.* v. *Frawley,* 110 Ind. 18. In that case there was a dispute as to the relative merits of single and double dead woods as car couplings, and the expert witness, it will be found, first described with some minuteness, the difference in the construction of the car equipments involved. And the Supreme Court, referring to that fact, said that " with this description and preliminary explanation we have no doubt of the propriety of the evidence." See *Burns* v. *Barenfield,* 84 Ind. 43.

After a careful consideration of all the questions raised, we have reached the conclusion that there is no error in the record for which the judgment should be reversed.

The finding of the court in favor of the appellee necessarily determines all the material averments of the complaint in his favor. We think the evidence tends to support the finding.

The judgment is affirmed, with costs.

Filed Sept. 17, 1891.