Filed Oct. 29, 1891.

---

### No. 279.

### THE TOLEDO, ST. LOUIS AND KANSAS CITY RAILROAD COMPANY *v.* MILLIGAN.

RAILROAD.—*Negligence.*—*Defective Crossing.*—*Action for Injury to Horse.*—*Sufficiency of Complaint.*—In an action for an injury to plaintiff's horse at a railway crossing, alleged to have been carelessly constructed, and permitted to remain in an unsafe condition, a complaint is sufficient which alleges that the plaintiff had no knowledge of the unsafe condition of the crossing, and that while the plaintiff's employee was riding the horse over the crossing in a careful manner, one of its feet was caught in a space improperly between the iron on one side of the railroad track and the boards of the crossing, and the horse in trying to extricate itself received such injuries that it was rendered worthless.

SAME.—*Notice of Defect.*—*Evidence.*—In such action evidence tending to show the defective condition of the crossing some months previous to the injury, and that one of the horses driven by the witness was caught in the same way and at the same place, is admissible on the question of notice.

SAME.—*Instructions to Jury.*—For a series of instructions considered and held to state the law correctly, see opinion.

The Toledo, St. Louis and Kansas City Railroad Company *v.* Milligan.

PRACTICE.—*Evidence.*—Where the court sustains an objection by the plaintiff to questions asked by the defendant of a witness, but afterwards permits the defendant to ask the witness the same questions to which it had sustained objection, there is no error available to the defendant.

From the Wells Circuit Court.

*S. O. Bayless* and *C. G. Guenther,* for appellant.

*E. R. Wilson* and *J. J. Todd,* for appellee.

ROBINSON, J.—This action was commenced by the appellee against the appellant.

The material averments contained in the complaint were that the appellant's railroad track was constructed through Studabaker's west addition to the town of Bluffton, in Wells county, Indiana; that said railroad, and track thereon, ran across and over a public highway, known as Wabash street, and upon which it was the duty of the appellant to construct and keep in repair a safe and proper crossing for the use of the travelling public; that appellant so negligently and carelessly constructed said crossing of said street over its said railroad track that the same was dangerous and unsafe for teams hauling wagons, horses, and other animals and vehicles to pass over it, and permitted the same negligently so to remain, and being in that condition on the 27th day of May, 1889, appellee on said day not knowing the dangerous and unsafe condition thereof, appellee's horse was being ridden across said railroad track, on, over and upon said street crossing by his employee and servant in a proper and careful manner, when, without any fault of appellee or his said employee, and on account of said defective and dangerous crossing, one of the feet of said horse of the appellee was caught in a space improperly between the iron on one side of the railroad track and the boards of the said crossing and became fast therein, and in trying to extricate itself therefrom, without any fault of appellee or his said employee, was violently thrown down, by reason of which his foot was violently wrenched, torn and injured, and said

horse, which was of the value of one hundred and fifty dollars, was thereby rendered wholly worthless, to appellee's damage of one hundred and fifty dollars, which was caused by the negligence and carelessness of the appellant as aforesaid, and wholly without any fault or negligence of the appellee. Wherefore, demand for judgment, etc.

The appellant demurred to the complaint, which was overruled and an exception taken.

The answer was general denial.

The cause was tried by a jury, resulting in a verdict for the appellee, and judgment was rendered on the verdict, over a motion for a new trial.

Under the assignment of errors the appellant claims:

*First.* The court erred in overruling the demurrer to the complaint.

*Second.* The court erred in overruling the motion for a new trial.

The counsel for the appellant fail, in argument, to point out any reason why the complaint was insufficient or defective. The complaint was clearly sufficient, and the demurrer to it was correctly overruled.

Under the causes assigned in the motion for a new trial, counsel for appellant direct our attention to the alleged error of the trial court in admitting and refusing to admit certain evidence, and in the giving of certain instructions to the jury.

Appellant claims that the court erred in permitting counsel for the appellee to propound to Henry Thorpe, a witness on behalf of the appellee, on direct examination, the following question:

" What, if any, accident happened to Montgomery's team by getting their feet fast, and how long before May last was it?"

The court permitted the witness to answer the question, but guarded the inquiry by stating at the time that the evidence was admitted upon the question of notice and for no

other purpose. The answer of the witness to the question, taken in connection with the other testimony given by him, tended to show the defective condition of the crossing over the appellant's road at the point where the appellee's horse was injured some months previous to such injury, and the fact that one of the horses driven by the witness was caught in the same way and at the same place the foot of appellee's horse was caught. As before stated, this evidence was admitted upon the question of notice and for no other purpose.

The court also, among the instructions given to the jury, charged them that the evidence was admitted only upon the question of notice, and for no other purpose, and could not be considered by them for any other purpose. The evidence was so carefully guarded by the court when admitted, and by instructions, that the jury could not have been misled, or left in doubt, as to its purpose. There was no error committed by the court in its rulings on this evidence. *Pittsburgh, etc., R. W. Co.* v. *Ruby,* 38 Ind. 294 ; *City of Delphi* v. *Lowery,* 74 Ind. 520.

The appellant claims that the court erred in refusing to permit certain questions to be asked of William Dooly, a witness in its behalf, and in allowing the appellee to ask said witness, on cross-examination, a question in the nature of an impeaching question. It is not necessary to set out the points of objection as to the ruling of the court upon the testimony of this witness, for the reason that after the court sustained the objection of the appellee to the two questions propounded by the appellant to this witness, the appellant was permitted to ask the witness, in effect, the same questions to which the court had sustained the appellee's objection, and the witness was permitted to answer each of said questions without objection, and the same facts were as fully elicited from the witness under said questions as could have been elicited under the questions to which objection was sustained. The answer of the witness to the question on cross-

582    APPELLATE COURT OF INDIANA,

The Toledo, St. Louis and Kansas City Railroad Company *v.* Milligan.

examination was taken as true. It did not harm the appellant, as there was no effort made by appellee to contradict the witness in his answer to the question on cross-examination, although the question was a competent one. There was nothing in the rulings on the evidence of this witness of which appellant can complain.

The last contention of the appellant is that the court erred in giving to the jury instructions numbered four, five, six, nine, ten, and eleven, as follows:

"4th. If you find from the evidence that the space necessary for flange-way in said crossing should be only three inches, and if you further find that plaintiff's horse was injured, as alleged, by getting his foot fast in such flange-way in said crossing, and that said space thereon where he got his foot in and was injured, was at the time more than three inches wide, and wider than was necessary for proper flange-way of the cars of defendant passing over its road, you are authorized from these facts to find that said crossing was not in proper condition for the safe passage of horses ridden or driven across the same, and that the defendant was negligent in so permitting same to remain in that condition before and at the time the plaintiff's horse was injured."

5th. The court instructed the jury "that if they found from the evidence that defendant did so leave said space between the plank and iron wider than was so necessary, and that in consequence thereof plaintiff's horse got his foot fast therein, and was injured without any fault or negligence of plaintiff or his employee, Bender, your verdict should be for the plaintiff for the injury so sustained by him.

"6th. That if the plaintiff or his employee, Bender, by any negligence or want of care on their part contributed to produce the injury to plaintiff's horse, it would prevent the plaintiff from recovering; if, however, you find from the evidence that said Bender, at the time the horse was injured, was riding it in a walk over said crossing at a place thereon where horses ridden or driven usually passed on crossing

the same, and was so riding said horse across the same in such way and manner as a prudent and careful person should do under the same circumstances, in view of the known danger, if any, you are, from these facts, authorized to find that said Bender was not in fault in producing said injury to said horse."

" 9th. It was the duty of the defendant to construct its road over said street so as to not interfere with the free use of the same, in such manner as to afford security for life and property, and in a manner not necessarily to impair its usefulness, or injure its franchises; and a part of its duty in so constructing the same is to leave space for flange-way between the iron-rail and plank on the inside of track over the crossing no larger than is necessary for the safe and proper passage of its cars; and if you find that such space for flange-way on its track over said crossing was left wider than was necessary, then, as to that matter, you are authorized to find that defendant was negligent and careless; and if you further find that in consequence thereof plaintiff's horse was injured thereby, without contributory negligence on the part of plaintiff, or said Bender, your verdict should be for the plaintiff.

" 10th. If you find from the evidence that in May, 1889, plaintiff's horse was injured as alleged on said crossing by getting his foot fast in the space for flange-way between the rail and plank of the crossing, and if you further find that said crossing had been in that condition for a long time previously without being repaired, these are facts that you should consider in determining whether said crossing at the time of the alleged injury was in a safe condition for the travel of horses across it, and whether the defendant was not careless and negligent in permitting it to remain in that condition.

" 11th. And if you further find that some three or four months before said alleged injury to plaintiff's horse, a horse driven by James Johnson got his foot fast in the space left

for flange-way on said crossing, and that one of Montgomery's horses, driven by Henry Thorpe, got its foot fast in said space left for flange-way while passing over said crossing near a year prior to said alleged injury to plaintiff's horse, these are facts you are authorized to consider, as to whether defendant had notice of the condition of said crossing prior to said alleged injury of plaintiff's horse."

The objection of the appellant to the instructions quoted, except the eleventh, is that the court usurped the province of the jury, and stated as matters of law facts which should be found by the jury.

It is assumed by the appellant that the court as a matter of law instructed the jury that the construction of a crossing by placing a plank more than three inches from the rail of the track was negligence on the part of the appellant, and that if the appellee's horse did get his foot fast in the crossing, and the crossing had remained in this condition for some time prior thereto, the appellant was guilty of negligence in maintaining such crossing.

We do not concur with the appellant in the construction placed upon these instructions.

The court did not assume to instruct the jury as to facts proven; none of the instructions complained of usurped the province of the jury. The court did not say in any of them that " the construction of a crossing by placing a plank more than three inches from the rail of the track was negligence on the part of the appellant; " nor did the court say to the jury " that if the appellee's horse did get his foot fast in the crossing, and the crossing had remained in this condition for some time prior thereto, that the appellant was guilty of negligence."

The court did say in its instructions : " If the jury find that a space only three inches is all that is necessary for flange-way, and if they further find that the place where the horse's foot caught was wider than was thus proper and neces-

sary, the jury should consider these facts in determining the question of negligence."

The court also instructed the jury that if the appellee's horse was injured as alleged on said crossing by getting its foot fast in the space for flangeway between the rail and plank of the crossing, and said crossing had been in that condition for a long time previously without being repaired, such facts should be considered in determining whether said crossing at the time of the alleged injury was in a safe condition for the travel of horses across it, and whether the defendant was not negligent and careless in permitting it to remain in that condition previously thereto.

The court did not assume in any of the instructions complained of to state facts to the jury as having been proven, nor state as matters of law facts which should be found by the jury.

As to the eleventh instruction appellant urges no valid objection. The purport of this instruction was that if the jury found the facts therein stated as proven, from these facts they were authorized to consider whether appellant had notice of the condition of said crossing prior to the injury of appellee's horse. This instruction was clearly correct. *Pittsburgh, etc., R. W. Co.* v. *Ruby, supra; City of Delphi* v. *Lowery, supra.*

The instructions objected to and those not objected to, when considered together, embraced all the issues in the case, and contained a statement of the law of the case. That certainly should furnish appellant no good cause of complaint.

We find no error in the record.

Judgment is affirmed, with costs.

Filed Oct. 29, 1891.