The North Manchester Tri-County Agricultural Association *v.* Wilcox.

No. 235.

## THE NORTH MANCHESTER TRI-COUNTY AGRICULTURAL ASSOCIATION *v.* WILCOX.

NEGLIGENCE.—*Obstruction of Race-Track.—Injury to Horse Being Speeded.— Liability of Owner of Track.—Complaint.—Sufficiency of.*—A complaint stated a good cause of action which alleged that the defendant was the owner and proprietor of a track, and had advertised and solicited the public to exhibit and speed horses thereon, representing that said track was suitable and safe in all respects therefor; that the defendant prepared an exhibition to take place on said track for a specified premium, and solicited and accepted from the plaintiff a sum of money, as a fee for the privilege of entering said contest for said premium; that while the plaintiff was exercising his horse on said track, at the special call of the defendant, preparatory to said exhibition of speed, the defendant negligently suffered and permitted the track to be obstructed, by allowing the spectators to rush upon and stand and walk upon said track, and the plaintiff's horse in consequence thereof collided with another horse rightfully upon the track, whereby the plaintiff's horse and sulky were wholly destroyed, without any fault or negligence on his part, to his damage, etc. The grounds and track were under the supervision of the defendant, and the particular occasion was one for which it had made preparation for profit to itself. It, therefore, assumed the obligation of omitting no attention which was reasonably necessary to the proper use and enjoyment of its track by the plaintiff under the circumstances.

EVIDENCE.—*Reversal of Judgment.*—There must be an entire failure of evidence on some material point before a judgment will be reversed because of the evidence alone.

From the Huntington Circuit Court.

*J. B. Kenner* and *B. F. Clemens,* for appellant.

*J. Farrar, J. L. Farrar, W. C. Farrar, L. P. Milligan* and *O. W. Whitelock,* for appellee.

NEW, J.—This was an action brought in the circuit court by the appellee against the appellant.

The material facts set out in the complaint may be thus stated:

In October, 1886, the appellee was the owner of a horse of the value of $2,000, and a sulky worth $75. The appellant

at that time was the owner and proprietor of a track, prepared and held out to the world by it as a place for the exhibition of the speed of horses, and had advertised and solicited the public to exhibit and speed horses thereon, representing that said track was suitable and safe in all respects therefor. The appellant prepared a certain contest, or exhibition, called a " free for all pace," to take place on said track, for a premium of $150, and solicited and accepted from the appellee $15, as a fee for the privilege of entering said contest for said premium. The appellee entered his horse upon said track in a careful manner, and while exercising him, at the special call of the appellant, preparatory to said exhibition of speed, and while using all diligence in such exercise, the appellant, disregarding the rights of the appellee and other exhibitors, negligently permitted the multitude invited there by the appellant for its own gain and profit, to rush upon, stand, and walk upon said track, so as to obstruct the view of the same, and made no effort to clear the track, so that the appellee could not see others thereon who were in the rightful use of it, preparatory to said contest of speed. While the appellee was then and there exercising his said horse, the appellant negligently suffered and permitted the track to be obstructed, as alleged, and the appellee's horse, in consequence thereof, collided with another horse, then and there rightfully upon the track, whereby the appellee's horse and sulky were wholly destroyed, without any fault or negligence on the part of the appellee, to his damage $2,000.

A demurrer was overruled to the complaint, and exception saved. An answer of general denial was filed, the cause submitted for trial to a jury, and verdict returned for $400 in favor of the appellee.

Over a motion for a new trial made by the appellant, there was judgment for the appellee upon the verdict.

The appellant assigns as error the overruling of the de-

murrer to the complaint, and the overruling of the motion for a new trial.

The objection taken to the complaint, by the appellant's counsel, is that there is no obligation in it that the appellant, its officers or servants had knowledge or notice of the obstruction, to the track named in the complaint; and, moreover, that it was not negligence in the appellant to permit persons to go upon its tracks.

We think the complaint states facts sufficient to constitute a cause of action.

The appellee was using the appellant's track upon invitation and in consideration of a fee paid, and it was the duty of the appellant to exercise due and reasonable care that the track should be in such condition that it could be safely used for the purpose to which it was devoted. The relation existing between the appellee and the appellant was such as to impose this obligation upon the latter. The privilege for which the appellee paid could not be properly nor profitably enjoyed if the appellant failed to have its track reasonably fit and safe for speeding horses.

The case made by the complaint is not one of mere license, or passive assent, that the appellee might use its track. The grounds and track were under the supervision of the appellant, and this particular occasion was one for which it had made preparation for profit to itself. It, therefore, assumed the obligation of omitting no attention which was reasonably necessary to the proper use and enjoyment of its track by the appellee, under the circumstances. See *Condradt* v. *Clauve*, 93 Ind. 476; *Indiana, etc., R. W. Co.* v. *Barnhart*, 115 Ind. 399; *Penso* v. *McCormick*, 125 Ind. 116; *Chicago, etc., R. W. Co.* v. *DeBaum*, 2 Ind. App. 281.

The fact that the appellee collided with another who was using the track can not, in our opinion, relieve the appellant from liability. That person, it is alleged in the complaint, was upon the track rightfully. But even if the person collided with was not rightfully upon the track, if the appellee

was without fault, and the injury would not have happened but for the negligence of the appellant, the latter would be liable. *Board, etc.,* v. *Sisson,* 2 Ind. App. 311 ; *White Sewing Mach. Co.* v. *Richter,* 2 Ind. App. 331 ; *Grimes* v. *Louisville, etc., R. W. Co.,* 3 Ind. App. 573 ; *City of Crawfordsville* v. *Smith,* 79 Ind. 308.

We can not say that the presence of so many persons upon the track, and the collision which took place between the two horses, were so unusual or extraordinary that they might not have been reasonably anticipated and provided against.

The averments in the complaint show that the appellant's negligence, in not keeping the track clear, was the proximate cause of the injury to the appellee's horse and sulky.

It is alleged in the complaint that the appellee was without fault or negligence. That was a question proper, with other facts, to be submitted to the jury.

We are asked to reverse the judgment upon the evidence. This we can not do. The jury were the proper judges of the credibility of the witnesses, and it was their province to weigh the evidence and determine its preponderance. There must be an absolute failure of evidence on some material point before this court will interfere because of the evidence alone. We think there was evidence tending to support the verdict of the jury in all material respects.

The judgment is affirmed, with costs.

Filed Feb. 17, 1892.