Lotz, J.
The appellee filed a claim against the estate of Sarah Huggins, deceased, which the appellant, as administrator, refused to allow. The claim was for services rendered in building fence and for boarding, lodging and caring for the said Sarah a number of years prior to her death and during her last sickness.
The administrator filed an answer in three paragraphs, the first being the general denial, the second a set-off, alleging an indebtedness of the appellee to the deceased for rent of farm and for pasture, the third being the statute of limitations.
*466 The appellee replied in four paragraphs. The appellant moved to strike out the fourth paragraph of reply, which motion was overruled. The issues joined were submitted to a jury, which returned a general verdict for appellee in the sum of $558.87, on which judgment was rendered.
The first error assigned is the overruling of the motion to strike out the fourth paragraph of reply.
A motion to strike out a pleading with the rulings of the court thereon, can be shown only by a bill of exceptions or by special order of court. Indiana Mfg. Co. v. Millican, Admr., 87 Ind. 87.
The exception to the ruling of the court in this case is not presented by either of these methods. Consequently this assignment does not present anything for our consideration.
The only other error assigned is the overruling of the motion for a new trial.
It was insisted in the court below, and it is also contended here, that the verdict is not supported by sufficient evidence and is contrary to the law, and that the-amount of the recovery is erroneous, being too large.
There was evidence which tended to prove that appellant’s decedent lived in the family of the appellee as a. member thereof. From this fact the appellant invokes the familiar rule that where persons live together as members of the same household, no obligation to pay arises for services performed by one for the other, or for boarding or lodging furnished, except upon proof of a promise to pay therefor. Conceding the correctness of this rule, we think there was evidence from which the jury was-warranted in finding a promise to pay on the part of the deceased.
This court will not disturb a verdict upon the weight of the evidence bearing upon the question of a promise, *467 for the existence of such, promise is a question of fact peculiarly within the province of the jury. Forester v. Forester, 10 Ind. App. 680; Puterbaugh v. Puterbaugh, 7 Ind. App. 280. There was also evidence which tended to sustain the full amount of the verdict.
This court has no right to order a remittitur or a new trial under such circumstances.
It was assigned as a cause for a new trial, that the court erred in overruling the appellant’s motion to strike out the fourth paragraph of the reply.
The ruling on the motion to strike out was not an error occurring at the trial, but if error at all, it preceded the trial. The granting of a new trial would not correct such error, for it would still remain in the record of the proceedings. Such rulings must be separately assigned as error and must be presented by bill of exceptions, or by special order of the court. Ringgenberg v. Hartman, 102 Ind. 537; Cates v. Thayer, 93 Ind. 156; Reed v Spayde, 56 Ind. 394.
It was also assigned as a cause for a new trial, that the court erred in excluding certain evidence offered by the appellant of the fact that his decedent performed work and labor for the appellee while boarding in his family.
The record shows that the appellant called upon the witness stand as a witness in his behalf one Savannah Huggins, and propounded to her this question: “You may state what the fact is at the time you were there at the house of your mother-in-law during the tiine about which you have testified since JohnW. Hughes (appellee ) lived there, as to whether the old lady (the decedent) was engaged in the performance of any work and labor about the house and in the family.” An objection was sustained to this question, to which ruling the appellant excepted. The appellant made no statement to the court as to what the witness would testify to in answer to the *468 question. “The exclusion of testimony can only be made available by asking some pertinent question of a witness on the stand, and if objection is made, stating to the court what testimony the witness would give in answer to the question proposed.” Higham v. Vanosdol, 101 Ind. 160 (163); Kern v. Bridwell, 119 Ind. 226; Chicago, etc., R. W. Co. v. De Baum, 2 Ind. App. 281.
Filed Jan. 9, 1895.
We find no reversible error in the record.
Judgment affirmed.