Points Decided.

(December 30, 1921.)

JESSE MANN, Appellant, v. E. J. BULGIN, Respondent.

[203 Pac. 463.]

LIBEL AND SLANDER—PLEADING AND PRACTICE—JUSTIFICATION—BURDEN
OF PROOF—PHYSICAL EXAMINATION.

1. Language charging that a person is infected with a loathsome, contagious venereal disease is actionable *per se.*

2. Where a complaint charges use of language which is actionable *per se,* the falsity of the defamatory words is presumed, and it is not necessary that the plaintiff shall in the first instance offer any proof that the words are false.

3. In an action for slander, the truth of the words charged as a defense must be specially pleaded.

4. In an action for slander, the burden of proving the truth of the charge as a justification rests upon the defendant.

5. The pleadings in the case at bar considered, and *held* that in this case the defendant has pleaded the truth of the words attributed to him in justification.

6. In an action for slander, where the defendant has pleaded the truth of the words charged in justification, he is not entitled to an order of the trial court requiring the plaintiff to submit to a physical examination in order to supply him with the means of proving that the statements made by him were true.

APPEAL from the District Court of the Second Judicial District, for Latah County. Hon. Edgar C. Steele, Judge.

Action for damages for slander. Appeal from judgment of dismissal. *Reversed.*

Publisher's Note.

1. Imputation of loathsome disease as actionable libel or slander, see notes in **Ann. Cas.** 1914A, 1255; **Ann. Cas.** 1914D, 151.

3. For authorities discussing the question of truth as a defense to civil action for libel and slander, see notes in 17 **Ann. Cas.** 761; **Ann. Cas.** 1918C, 335, 1088; 21 **L. R. A.** 502; 31 **L. R. A., N. S.,** 132; 50 **L. R. A., N. S.,** 1040.

6. Power of court to compel submission to physical examination for purposes of evidence, see notes in 68 **Am. Rep.** 242; 1 **Ann. Cas.** 266; 11 **Ann. Cas.** 844; **Ann. Cas.** 1917D, 351.

Morgan & Keane and E. C. Boom, for Appellant.

In an action for damages for slander the burden of proving the truth of the alleged slanderous statement is upon the defendant. (*Reynolds v. Holland,* 46 Wash. 537, 90 Pac. 648; *Adams v. Cameron,* 27 Cal. App. 625, 150 Pac. 1005, 151 Pac. 286; 10 R. C. L. 898, sec. 48; 14 R. C. L. 721, sec. 32.)

The answer of the defendant does not properly plead justification. (17 R. C. L. 399.)

Under the answer of the defendant it is immaterial whether the plaintiff is or was syphilitic. (17 R. C. L. 399, 400, sec. 156.)

When a defendant alleges the truth of his slanderous assertion he must be able to substantiate his plea without invading the privacy of the person about whom the charge is made. (14 R. C. L. 722; *Kern v. Bridwell,* 119 Ind. 226, 12 Am. St. 409, 21 N. E. 664.)

The falsity of defamatory words is presumed, and it is not necessary that the plaintiff shall in the first instance offer any proof that the words are false. (25 Cyc. 491; *Adams v. Cameron,* 27 Cal. App. 625, 150 Pac. 1005, 151 Pac. 286.)

G. G. Pickett and H. R. Smith, for Respondent.

"When several separate and distinct things are charged, the defendant may justify as to one, though he fail as to the others." (*Fero v. Ruscoe,* 4 N. Y. 162; *Saunders v. Post-Standard Pub. Co.,* 107 App. Div. 84, 94 N. Y. Supp. 993; *Powers v. Skinner,* 1 Wend. (N. Y.) 451.)

"The right of defendant to an order for a physical examination of plaintiff is not absolute but rests in the discretion of the court." (18 C. J. 1112; *Alabama Great Southern R. Co. v. Hill,* 90 Ala. 71, 24 Am. St. 764, 8 So. 90, 9 L. R. A. 442; *Western Glass Mfg. Co. v. Schoeninger,* 42 Colo. 357, 126 Am. St. 165, 94 Pac. 342, 15 L. R. A., N. S., 663; *Richmond etc. R. Co. v. Childress,* 82 Ga. 719, 14 Am. St. 189, 9 S. E. 602, 3 L. R. A. 808; *South*

*Bend v. Turner,* 156 Ind. 418, 83 Am. St. 200, 60 N. E. 271, 54 L. R. A. 396; *Logan v. Lenawee County Agr. Soc.,* 156 Mich. 537, 121 N. W. 485; *O'Brien v. City of La Crosse,* 99 Wis. 421, 75 N. W. 81, 40 L. R. A. 831; *Shepard v. Missouri Pac. R. Co.,* 85 Mo. 629, 55 Am. Rep. 390; *St. Louis S. W. R. Co. v. Dobbins,* 60 Ark. 481, 30 S. W. 887, 31 S. W. 147; *Graves v. Battle Creek,* 95 Mich. 266, 35 Am. St. 561, 54 N. W. 757, 19 L. R. A. 641.)

"Where plaintiff refuses to obey the order, the court may discuss the case, or stay the proceedings, or decline to permit any evidence to establish the injury until compliance with the order." (*Wanek v. City of Winona,* 78 Minn. 98, 79 Am. St. 354, 80 N. W. 851, 46 L. R. A. 448; *Miami etc. Turnpike Co. v. Baily,* 37 Ohio St. 104.)

In the case of *Kokomo, M. & W. Traction Co. v. Walsh,* 58 Ind. App. 182, 108 N. E. 19, an entirely different rule was recognized than that set out in the case of *Kern v. Bridwell,* and we believe this decision overrules the rule established in the former case.

RICE, C. J.—In his complaint appellant alleged that on December 10, 1919, respondent in a public address maliciously spoke and published of him and referred to him as a syphilitic degenerate and a syphilitic renegade, and then and there stated that appellant was syphilitic and that respondent could prove that appellant was syphilitic, and that he, respondent, had in his possession a certificate by a doctor stating that appellant is syphilitic. Appellant further alleged that all the statements so made were false and untrue.

Respondent denied all the allegations of the complaint. By way of further answer respondent alleged that he is a minister of the gospel, engaged in holding special revival meetings in various places, and was so engaged during the month of December, 1919, in the city of Moscow in this state; that appellant is a professional musician and a conductor of dances, and was, at the time mentioned in his complaint, engaged in the business of conducting public dances in that city; that in accordance with the act of

Congress, entitled "An Act to Authorize the President to Increase Temporarily the Military Establishment of the United States," appellant, on June 5, 1917, at the city of Colfax, Wash., appeared before the registration board for said city and submitted to registration under said act; that on about the month of March, 1918, appellant was called for service in the United States army and submitted himself for physical examination as to his fitness as a soldier and was examined by the district board of medical examiners provided for in said act, and was by said district board rejected for said service on account of the fact that he, appellant, was suffering from a loathsome, contagious and incurable disease commonly known as syphilis; that a record of said rejection was duly made by said board and became a part of the files of the said board; that on December 10, 1919, respondent delivered a sermon in the city of Moscow on the evils of the public dance, in the course of which he used the following language: "How do you mothers feel when you hear that your lovely daughters are swung around at the dance-hall, in the arms of some fiddlers for a dance, and then find out that some of these same parties have been rejected by army examiners because of syphilis or other venereal disease of some sort? If called on I could furnish documentary evidence of what I am saying. I am not saying these things to injure anyone, but for the protection of the innocent in society. God help you mothers!" Respondent further alleged that he believed that the disease known as syphilis was contagious and infectious, and may be transmitted by coming in contact with the person or clothing of one suffering from the disease; that the statement made by the respondent on the occasion alleged was made without malice, in the interest of society and for the protection of innocent women and girls and for the purpose of warning them against association or coming in contact with appellant, whereby the disease might be innocently transmitted to them, and as a matter of warning to parents present as to the danger of permitting minor children to attend public dances of the character conducted by appellant; that the language used referred to appel-

lant and contained only a fair and true report of a public record, to wit, a statement of the record of appellant's disqualification for admission to the United States army on the ground that he was afflicted with the disease known as syphilis, and that the statement so made by respondent is the publication attempted to be set out in appellant's complaint. Respondent also denied that the publication was made maliciously, or with intent to injure appellant or with the intent charged in his complaint, but alleged that the same was made for the purpose of protecting innocent persons who might come in contact with appellant.

On April 10, 1920, the district judge made an order appointing three physicians to make a physical examination and test of appellant "for the purpose of ascertaining whether or not the plaintiff, Jesse Mann, has or had or is afflicted with the disease commonly known as syphilis, or was or is a syphilitic person or being." Appellant refused to submit his person to the board of physicians so appointed for examination. The case being called for trial, appellant again refused to comply with the terms of the order, and thereupon the court entered judgment dismissing the action. The appeal is from the judgment of dismissal.

The language charged in the complaint is actionable *per se.* (17 R. C. L. 294.) Where a complaint charges use of language which is actionable *per se,* the falsity of the defamatory words is presumed, and it is not necessary that the plaintiff shall in the first instance offer any proof that the words were false. (*State v. Sheridan,* 14 Ida. 222, 93 Pac. 656, 15 L. R. A., N. S., 497; *Adams v. Cameron,* 27 Cal. App. 625, 150 Pac. 1005, 151 Pac. 286; 25 Cyc. 491; 1 Cooley on Torts 416.)

"The truth of any defamatory words is, if pleaded, a complete defense to any action of libel or slander (though alone it is not a defense in a criminal trial). The *onus,* however, of proving that the words are true, lies on the defendant. The falsehood of all defamatory words is presumed in the plaintiff's favor, and he need give no evidence to show they are false; but the defendant can rebut this

presumption by giving evidence in support of his plea.''
(Odgers on Libel and Slander, p. 181.)

A defense of truth must be specially pleaded, and, as a
general rule, cannot be shown under a general denial. (17
R. C. L. 399.) And a plea of justification must be as broad
as the charge. (17 R. C. L. 400; Odgers on Libel and
Slander, p. 181.)

Counsel for respondent state that they were somewhat
handicapped in filing the answer, in that appellant failed
to set out specifically the language intended to be relied
upon as slanderous; that it is uncertain whether it was
intended to plead that the language alleged to have been
used by respondent referred solely to conditions existing in
the past, or intended to charge respondent with the use of
language as applying to the diseased condition existing at
the time the alleged slander was uttered. Respondent did
not demur to the complaint on the ground that it was am-
biguous, unintelligible or uncertain. Any objection in that
particular is therefore waived, and the complaint must be
construed as it stands. The appellant did not allege in his
complaint that the respondent charged that he had been
afflicted, but on the contrary alleged that respondent at a
certain time stated that appellant was syphilitic, and that
he had in his possession a certificate by a doctor showing
that appellant is syphilitic. The only reasonable construc-
tion of the language of the complaint is that it alleged
that respondent charged appellant with being syphilitic at
the time the words were uttered; otherwise, the language
charged would not be actionable *per se.* (1 Cooley on Torts,
387; Newell, Slander & Libel, 241.)

Counsel for respondent contend that if the complaint be
so construed, they have pleaded justification. We quote
from respondent's brief: ''The defendant's answer denies
the use of the specific words charged, but admits the use of
language which specifically charges the plaintiff with having
been rejected from service in the army at a prior date on
account of the fact that he was suffering at the time from
the disease known as syphilis, following this with an al-
legation to the effect that the disease is incurable. This,

we contend, is sufficient to allege the existence of the disease at the time the statement was made, and if it is counsel's intention to charge the defendant with uttering language charging the disease to exist at the time the alleged slander was uttered, then the issue was squarely raised and the diseased condition of the plaintiff would be the material issue in the case.''

The reasoning of counsel is difficult to follow, unless they concede that the language which they claim respondent used is equivalent in substance and effect to the language alleged by appellant in the complaint, and this, indeed, seems to be the position of counsel. By the language which respondent claims he used, he charged that because of syphilis, or other venereal disease, appellant had been rejected by army examiners. It contains a direct charge that at the time of his rejection, appellant was suffering from the disease. Counsel for respondent seem to insist that having alleged that the disease is incurable, the language which they claim respondent used carried with it a necessary imputation of the existence of the disease at the time the charge was made. With that view of the issues, respondent contends that he has pleaded justification. The plea states that in March, 1918, appellant was rejected from service in the army not because, in the opinion of the board of medical examiners he was suffering from a loathsome disease, but on account of the fact that he was then suffering from a loathsome, contagious and incurable disease, known as syphilis; that by characterizing the disease as incurable he has in effect pleaded that since he was then suffering from it, he was still suffering from it at the time the charge was made, and therefore the plea is equivalent to an allegation of the truth of the charge.

The plea is argumentative and would not be sufficient if attacked. But appellant did not demur to the plea of justification, or move to strike it from the answer on the ground that it was argumentative or because it was ambiguous, unintelligible and uncertain. The plea, therefore, must be given such effect as may be reasonably ascribed to it. Our statute is very liberal in regard to the matter of

variance between the pleading and the proof.   (C. S., sec. 6722.)

As the pleadings stand, upon the trial of the case, we think respondent would be entitled to show the truth of the charge made by proving that at the time the words were uttered appellant was infected with syphilis.

Was the respondent entitled to the order of the court requiring appellant to submit his person to examination? Upon the question as to whether or not, in an action for damages for personal injuries the court may require the plaintiff in the case to submit to physical examination by a board of physicians appointed by the court, and in case of refusal dismiss the action, the authorities in the United States are in hopeless conflict.

We shall not review the authorities, nor express an opinion upon that question, since in our view the situation in the case at bar is entirely different. Here the appellant is not suing to recover damages for personal injuries. He is suing to recover damages for injury to his good name and reputation, caused by the language uttered by respondent. The damage of which appellant complains does not result from the falsity of the charges made by respondent. The damage to appellant is just as great whether the charges were true or false; hence, appellant is relieved of the burden of proving the falsity of the charges. But the law will not suffer him to recover damages for injuries to a reputation which he does not justly deserve to have. In such cases "though there may be damage sufficient accruing from it, yet, if the fact be true, it is *damnum absque injuria;* and where there is no injury, the law gives no remedy." (3 Blackstone's Com. 125.) Therefore, in this case respondent may relieve himself from liability for the damage done by proving that the words he uttered were true; but he must take the entire burden of proving justification upon himself. A plea of justification is essentially in confession and avoidance.

We know of no rule of the common law or statutory provision of this state which authorizes the court to enter

an order requiring a plaintiff who has been damaged in his good name and reputation to submit to physical examination in order to supply a defendant with the means of proving that the statements made by him were true. Except when the communication is privileged, the law does not encourage the making of derogatory statements in regard to a person, even though they be true. On occasions other than those where communications are regarded as privileged, one may speak the truth regarding another without incurring liability in damages therefor, but when he makes derogatory statements regarding another which he does not know to be true he does so at his peril. (*Burt v. Advertiser Newspaper Co.*, 154 Mass. 238, 28 N. E. 1, 13 L. R. A. 97; 1 Cooley on Torts, 3d ed., 419.)

The only case cited by counsel as directly in point is *Kern v. Bridwell*, 119 Ind. 226, 12 Am. St. 409, 21 N. E. 664. In that case the court said: "When one voluntarily asserts a slanderous charge against another, and defends by alleging truth of his assertion, he must be able to substantiate the truth of the charge without invading the privacy of the person about whom the charge is made." Counsel for respondent contend that this case was subsequently overruled by the case of *Kokomo M. & W. Trac. Co. v. Walsh*, 58 Ind. App. 182, 108 N. E. 19. We do not think the appellate court intended to overrule the Bridwell case. In the case of *South Bend v. Turner*, 156 Ind. 418, 83 Am. St. 200, 60 N. E. 271, 54 L. R. A. 396, the supreme court of Indiana distinguished the Bridwell case. The court said: "*Kern v. Bridwell*, 119 Ind. 226, 12 Am. St. 409, 21 N. E. 664, was an action for slander for charging the plaintiff with lewdness. The court refused to order the plaintiff to submit her person to examination by medical experts. The question related to a collateral matter, and not to the subject matter of the suit,—to a source of evidence not shown to be reliable or useful to the defendant in his answer of justification—and should not be accepted as an authority in a suit by a plaintiff to recover damages for a particular injury to his person."

But whether the supreme court of Indiana intended to overrule the Bridwell case, or meant merely to distinguish it as not in point in an action for personal injury, we think the rule announced in the Bridwell case is a correct statement of the law.

We are of the opinion, therefore, that in the case at bar the court should not have entered the order directing appellant to submit to a physical examination, and that it was error to dismiss the action on account of his refusal to comply with the order.

The judgment is reversed, with costs to appellant.

Budge, McCarthy and Lee, JJ., concur.